HARRISON et al. v. RICHARDS.

(Circuit Court of Appeals, Eighth Circuit. August 28, 1915.)

No. 4291.

APPEAL AND ERROR ⬤⟲1237—FRAUDULENT JUDGMENT—ENFORCEMENT.

Plaintiff recovered judgment in a state court against defendants. Nearly 20 years later he sued in a federal court to revive such judgment, but the revival feature of his suit was incidental to its main object; it being in the nature of a creditors' bill to reach lands in the name of defendant's wife. Judgment was for plaintiff, reviving the old judgment and establishing his claim against the lands. Defendants appealed, giving a supersedeas bond. The Circuit Court of Appeals reversed the judgment, directing dismissal of the bill. After entry of judgment, plaintiff petitioned for rehearing, asking that the judgment be modified, so as not to vacate that part of the decree reviving and continuing his state court judgment against the husband defendant, expressly stating that the validity of the judgment was not questioned by the appeal, and that the decree on appeal, if allowed to stand, would not only deprive him of a judgment to which he was legally entitled, in respect to the revival of which there was no assignment of error, but would lay him open to a plea in bar to his suit, pending in the state court, to revive the judgment. The Circuit Court of Appeals entered a supplemental judgment affirming the part of the decree of the District Court which revived the state court's judgment. Later defendants petitioned for rehearing, asking a modification of the supplemental decree, explaining that under its language plaintiff might claim that their supersedeas bond applied to the judgment reviving his state court judgment, as well as to the decree against defendants charging the land in the wife's hands. On hearing, plaintiff's counsel expressly stated to the court that no assignment of error was involved in the appeal based on the money judgment for plaintiff, so there was no reason to modify the supplemental decree, and thereupon defendants' petition for rehearing was denied. Upon filing of the Circuit Court of Appeals remittitur in the District Court, plaintiff applied for a judgment on the supersedeas bond against the wife defendant and her surety, and his application was granted. Defendants appealed. *Held*, that such judgment was improper; it being a fraud on the defendants and the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4778–4784; Dec. Dig. ⬤⟲1237.]

Appeal from the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

Action by William S. Richards against James Harrison and another. Judgment for plaintiff, and defendants appeal. Reversed.

W. H. Keating and James A. Devitt, both of Oskaloosa, Iowa (Edward R. Mason, of Des Moines, Iowa, and Frank M. Lowe, of Kansas City, Mo., on the brief), for appellants.

William McNett, of Ottumwa, Iowa (McNett & McNett and Chester W. Whitmore, all of Ottumwa, Iowa, on the brief), for appellee.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. William S. Richards held a judgment recovered in the state court of Iowa against James Harrison back

in the early '90's. He brought suit in the federal court nearly 20 years later, asking to have this judgment revived; but the main feature of the suit was in the nature of a creditors' bill to reach certain lands standing in the name of Hettie W. Harrison, the wife of James Harrison, upon the ground that the consideration for the lands was paid by Mr. Harrison. In that suit the trial court found in favor of Richards. It revived the judgment stating the amount due to be $21,748.48, and provided that that sum should draw interest at 10 per cent. from the date of the decree, and that the original judgment should be merged in the new judgment, and further provided that the amount collected from Hettie W. Harrison under the decree should be credited on the judgment. The decree also established the claim against the lands standing in the name of Hettie W. Harrison in the sum of $10,355. It must be borne in mind that the reviving of the original judgment in favor of Richards was a mere incident of the creditors' bill. An appeal was sued out from this decree by Mr. and Mrs. Harrison, and a supersedeas bond given in the sum of $10,000. Our opinion is reported in 196 Fed. 770, 116 C. C. A. 394. Our decree as at first entered simply reversed the judgment of the trial court, with costs, amounting to $835.55. It further directed the trial court "to dismiss the bill of complaint."

After the filing of our opinion and the entering of judgment thereon, the appellee, Richards, filed a petition for rehearing. In it he asked that our judgment be modified, so as not to vacate or impair that part of the decree which revived and continued the judgment in his favor against Harrison. In his petition for rehearing he expressly stated that the validity of the judgment was in no way questioned by the appeal, and that our decree, if allowed to stand, would not only deprive him of a judgment to which he was legally entitled, and in respect to the revival of which there was no assignment of error, but it would subject him to the peril of a plea in bar to a suit pending in the state court to revive the judgment. Acting upon this petition we entered a supplemental judgment as follows:

"On consideration whereof, it is now here ordered, adjudged, and decreed that said petition for a modification of the decree of this court be and the same is hereby granted to the extent only that that part of the decree below which renewed the judgment against James Harrison under date of April 29, 1891, in favor of William S. Richards, be and the same is hereby affirmed, without costs to either party in this court; and it is further ordered and decreed by this court that in all other respects the decree of this court in this cause, entered on the 14th day of May, A. D. 1912, be and the same is hereby approved and confirmed."

Thereafter appellants, Mr. and Mrs. Harrison, presented to this court a petition for rehearing, asking a modification of this supplemental decree, and therein explained that under its language it might possibly happen that Richards would claim that the supersedeas bond applied to the judgment in his favor against James Harrison, as well as to the decree against Mr. and Mrs. Harrison, charging the land. Upon the hearing of that petition, counsel for Richards again expressly stated to the court that no assignment of error was involved in the appeal based on the money judgment in his favor, and for

that reason there was no occasion for modifying our supplemental decree. Acting upon the belief thus engendered by Richards upon both petitions for rehearing, this court denied the second petition for rehearing.

Notwithstanding these facts, upon the filing of our remittitur in the District Court, Richards applied to that court for a judgment on the supersedeas bond against both Hettie W. Harrison and the Title Guaranty & Surety Company, who had signed her bond on the appeal. The trial court granted the application, and entered judgment in the sum of $11,666. The present appeal is brought to review that judgment. It is plain beyond controversy that the judgment cannot be permitted to stand. It would be a fraud upon the defendants and upon the court. If the present contention of Richards had been even suggested when either of the petitions for rehearing were before us, our supplemental decree would have been so framed as to make it impossible for him to have obtained the judgment which he did obtain in the trial court. By his own representations in this court he induced us to make the supplemental decree, and to decline to modify it so as to protect the defendants against the judgment which he obtained from the trial court.

The judgment is reversed.

HOOK, Circuit Judge, heard the argument in this case, but took no part in the decision.