HARRISON et al. v. McPHERSON, District Judge.

(Circuit Court of Appeals, Eighth Circuit. August 28, 1915.)

No. 147.

APPEAL AND ERROR ⬦⟊1207—JUDGMENT—ENFORCEMENT BELOW.

 Where, upon the coming down of a mandate of the Circuit Court of Appeals, the successful appellants applied to the District Court to file such mandate in that court, and enter a judgment and decree therein in accordance with the mandate, dismissing the bill, and for costs, so that execution could issue to enforce the judgment of the Circuit Court of Appeals, the denial of such application was improper; it being the duty of the trial court to take the steps necessary to secure to appellants all the relief granted them by the decree on appeal, upon which no execution can issue, since the jurisdiction of the Circuit Court of Appeals is appellate only.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4696–4699; Dec. Dig. ⬦⟊1207.]

Petition for mandamus by James Harrison and Hettie W. Harrison against Hon. Smith McPherson, as Judge of the District Court of the United States for the Southern District of Iowa. Writ directed to issue on contingency.

W. H. Keating and James A. Devitt, both of Oskaloosa, Iowa (Edward R. Mason, of Des Moines, Iowa, on the brief), for petitioners Harrison.

Frank M. Lowe, of Kansas City, Mo., for petitioner Title Guaranty & Surety Co.

William McNett, of Ottumwa, Iowa (McNett & McNett and Chester W. Whitmore, all of Ottumwa, Iowa, on the brief), for respondent.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This is another branch of the case of Harrison v. Richards, 226 Fed. 196, ——— C. C. A. ———, in which our opinion has just been filed. The facts are stated there, and need not be repeated.

Upon the coming down of our mandate in that case, counsel for Mr. and Mrs. Harrison applied to the District Court to file it in that court, and enter a judgment and decree therein in accordance with the mandate, dismissing the bill, and for $835.55 as costs, so that execution could be issued to enforce our judgment. The trial judge denied this application. The learned judge stated his reason for this ruling as follows:

"That he did not deem it either his province or duty, since the judgment had been entered in this court, and an execution awarded therefor, to render a similar judgment in the said District Court, even if legal authority and power in that behalf exists."

In this position the trial court is clearly in error. No execution can issue upon the judgment of this court, our jurisdiction being appellate only. When the mandate came down, it was the duty of the trial judge to take the steps necessary to secure to appellants all the relief which was granted to them by our decree. That could only be done by the entry of a judgment in that court in conformity with the mandate. Upon that being done, execution could be issued, so that the beneficial results of our decree could be secured by appellants.

This is an original application to this court for a writ of mandamus, commanding the trial court to enter a judgment carrying our mandate into effect. We have no doubt that this expression of our views will secure to petitioners the relief to which they are entitled. If, however, proof is not filed with the clerk of this court within 60 days from the filing of this opinion that such relief has been granted, the writ may issue. No costs will be allowed on this proceeding.

HOOK, Circuit Judge, heard the argument in this case, but took no part in the decision.