69 U.S. 440
 17 L.Ed. 860
 2 Wall. 440
 MILWAUKIE AND MINNESOTA RAILROAD COMPANY AND
FLEMING, APPELLANTS,
v.
SOUTTER, SURVIVOR.
 December Term, 1864
 
 1
 A DECREE had been made some time since in this court, against the La Crosse and Milwaukie, and the Milwaukie and Minnesota Railroad Companies, the road being then in the hands of a receiver, on a bill in equity, filed in the Federal court of Wisconsin, to foreclose a mortgage given by the former company on its road, &c., to two persons, named Bronson and Soutter (of whom the former was now dead), to secure certain bonds which the former road had issued, on which the interest was unpaid.
 
 The mandate to the court below, ran thus:
 
 2
 'It is ordered that this cause be remanded, &c., with directions to enter a decree for all the interest due, and secured by the mortgage, with costs; that the courts ascertain the amount of moneys in the hands of the receiver or receivers, from the earnings of the road covered by the mortgage, which may be applicable to the discharge of the interest, and apply it to the same; and that if the money thus applied is not sufficient to discharge the interest due on the first day of March, 1864, then to ascertain the balance remaining due at that date. And in case such balance is not paid within one year from the date of the order of the court ascertaining it, then an order shall be entered, directing a sale of the mortgaged premises.'
 
 
 3
 The court below, acting under this mandate and intending to execute it, did ascertain the amount of interest due, and directed payment within a year, and provided for an order of sale in default of payment; but that court did not ascertain the amount of money in the hands of the receiver or receivers, or apply any such amount in reduction of interest, or find the balance due on the first of March, or at the date of the order. The amount of interest was ascertained, and an order of sale provided for in default of payment within one year; nothing more.
 
 
 4
 From this order of the court below the railroad company took an appeal here; which appeal a motion was made, on behalf of Soutter & Bronson, to dismiss.
 
 
 5
 Mr. Cary, with whom was Mr. Carlisle, in favor of the motion: The order appealed from is not a final decree, nor in the nature of such a decree. The ordinary decree of foreclosure and sale, although not strictly a final decree, has been treated, in the practice of this court, as so far final that an appeal might be taken therefrom. But this is not a decree of foreclosure and sale. It is nothing more in effect than an order settling the amount found due on the mortgage, and a statement or determination of the time when the court will proceed to enter a final decree of foreclosure and sale, provided said amount is not paid. It is not a decree authorizing a sale if that amount is not paid. The court refused to make such a decree. This order, by its terms, requires that another decree shall be made before we are to have execution. To say that such a decree is final is a contradiction in terms. We can have no execution or benefit of this decree until a further and final decree is made. No appeal, therefore, can lie to this court.
 
 
 6
 No doubt the railroad company can have relief if it has suffered injustice; but its remedy is by application for mandamus to vacate the order below.
 
 
 7
 Mr. Carpenter, contra: In Blossom v. The Railroad Company,[1] it was decided that a mere bidder at a marshal's sale, made on a foreclosure of a mortgage, might by his bid, though no party to the suit originally, so far be made a party to the proceedings in that court as to be entitled to an appeal here; and that, whether or not, this court would not dismiss an appeal by such person on mere motion of the other side, in a case where merits were involved. So, in Orchard v. Hughes,[2] this court refused to dismiss an appeal from an order confirming a sale under a decree of foreclosure, and directed that the case should be heard with the appeal from the principal decree in the suit which ordered the sale.
 
 
 8
 These cases, or the first of them, went further than what was declared in Perkins v. Fourniguet,[3] which goes far enough for us. There a decree had been made in this court, affirming, 'with costs and damages at the rate of 6 per cent. per annum,' a decree, in the Circuit Court of Mississippi, for a sum of money; and a mandate was sent below reciting the judgment here, and directing it to be carried into effect. But an execution was issued for the principal sum, with interest at 8 per cent., the legal rate of Mississippi, and damages at 6 per cent., in addition, in all 14 per cent. An appeal was accordingly taken here. One question was, whether the execution had issued under a final 'decree,' and so one that could be appealed from. Taney, C. J., speaking for the court says, 'There was substantially an equity proceeding and final decree after the mandate was filed. It is true, they were summary; and necessarily so, as the matters in dispute under the execution were brought before the court on motion. . . . Plenary and formal proceedings are not necessary, and are never required where the dispute is confined to matters arising under process of execution. They are more conveniently and as fully brought before the court by a summary proceeding on motion.' The case we cite was in essential respects like this; but the court held it to be 'regularly' before it.
 
 
 9
 Then, is appeal the form of remedy which we should adopt? or ought we, as the other side urges, to rely on a motion for mandamus to vacate the order below? We think that appeal is a proper form, and perhaps the most proper. Here, too, Perkins v. Fourniquet is in point. The case there, like this one, was an appeal, and a motion was made to dismiss it, on the ground urged here by our opponents, that appeal was not the proper practice, and that mandamus alone was. But what decides the court? 'The subject might,' says the late Chief Justice, speaking for it, 'without doubt, be brought here upon motion, and a mandamus issued to compel the execution of the mandate; but an appeal from the decision of the court below is equally convenient and suitable, and perhaps more so in some cases, as it gives the adverse party notice that the question will be brought before this court, and affords him the opportunity of being prepared to meet it at an early day of the term.'
 
 
 10
 The CHIEF JUSTICE delivered the opinion of the court, announcing that the order in question was a decree, and was a final decree, from which any party aggrieved by supposed error in finding the amount of interest, or in omitting to ascertain and apply to the reduction or discharge of interest the amount of moneys in the hands of the receiver or receivers, might appeal.
 
 
 11
 The ruling of this court in Perkins v. Fourniquet, cited by the appellant's counsel, was a full and direct sanction to this conclusion.
 
 
 12
 MOTION DENIED.
 
 NOTE.
 
 13
 For greater caution, Mr. Carpenter, before this motion was heard, had moved for a mandamus to vacate the already mentioned order of the Circuit Court. The appeal being allowed, that motion was of course refused; the Chief Justice, in announcing such refusal, saying that it was made without expressing any opinion as to the applicability of that remedy to the case before the court.
 
 
 14
 [For a further part of this case, and for the reasons and justification (under the special facts) of the court below, in executing the mandate as it did, see Railroad Company v. Soutter; infra, p. 510.]
 
 
 
 [1]
 1 Wallace, 655.
 
 
 [2]
 Id. 657.
 
 
 [3]
 14 Howard, 330.