## CITY BANK OF FORT WORTH *v.* HUNTER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 264. Submitted March 8, 1894. — Decided March 19, 1894.

Compliance with a mandate of this court, which leaves nothing to the judgment or discretion of the court below, may be enforced by mandamus.

This court cannot entertain an appeal from a judgment executing its mandate, if the value of the matter in dispute upon the appeal is less than $5000.

No appeal lies from a decree for costs.

In *City National Bank of Fort Worth* v. *Hunter*, 129 U. S. 557, 579, will be found a full history of the litigation between the parties to the present appeal. The final decree was reversed, with costs, and the case was remanded with directions to proceed in conformity with the opinion of this court. After the mandate and opinion of this court had been filed in the court below, the cause was again heard, and it was, among other things, adjudged: "That said complainants, R. D. Hunter, A. G. Evans, and R. P. Buel, do have and recover of and from the defendants, the City National Bank of Fort Worth, the sum of twelve thousand nine hundred and eighty-four and $\frac{85}{100}$ ($12,984.85) dollars, together with interest thereon from this date at the rate of eight per cent per annum. It is further ordered, adjudged, and decreed that all costs accrued in this cause up to September 30, 1881, be, and the same are hereby, adjudged against said complainants, R. D. Hunter, A. G. Evans, and R. P. Buel, and for which let

execution issue ; and as the costs of the Supreme Court have been allowed against said complainants, all other costs incurred herein which have not been otherwise adjudged be, and the same are hereby, adjudged against said defendant, the City National Bank of Fort Worth."

From this decree the present appeal was prosecuted by the bank.    The errors assigned are : 1. The court gave interest on the plaintiff's portion of the fund to be divided.    2. Costs were awarded against the defendant bank.

*Mr. A. H. Garland* and *Mr. H. J. May* for appellant.

Before discussing the merits of the question at issue, it may be well to allude to the matter of appeal here, upon a sum less than the jurisdictional amount in ordinary cases, as some confusion may arise upon this point since the ruling in *In re Washington & Georgetown Railroad,* 140 U. S. 91.   In that case affirmance was had, and nothing more, and the cause sent back to the court below for simply an enforcement of that judgment — no order to proceed further, etc. — no room was left for the exercise of discretion.   The lower court, however, did proceed further, and exercised its discretion and added interest when this court had been silent as to interest. The court in this case did proceed as it was directed, but it went outside of the opinion of this court, and did, as appellant contends, what the law did not authorize.   The distinction, and the difference between the two cases are clear and marked, and this case comes plainly under the ruling in *Perkins* v. *Fourniquet,* 14 How. 328, and reconciles any apparent conflict there may be between the *Washington & Georgetown Railroad case* and the others of long standing.   *Humely* v. *Rose,* 5 Cranch, 313 ; *The Santa Maria,* 10 Wheat. 431 ; *Boyce* v. *Grundy,* 9 Pet. 275.

To say that, after the court below was commanded to proceed in conformity with the opinion of this court, and it does proceed and puts an additional burden, not claimed or mentioned in the previous proceedings at all, on the bank of nearly or quite $4000, — the bank cannot appeal to see if

this is in conformity with the opinion of this court, would be quite unreasonable, in fact harsh, and in the teeth of *Perkins* v. *Fourniquet*, which this court, in the *Washington & Georgetown Railroad case*, quotes with approbation. And it is most earnestly submitted that, in no case, however small the amount added to a judgment or decree, after the mandate goes down, that may be considered by the party as inconsistent with the opinion of this court containing directions to proceed as here, can a writ of error, or appeal, as the case may be, be denied? This is but one manner, out of several, to get this court to see if the lower court has not misunderstood, or misconstrued, or both, the judgment or decree of this court. While there should be no doubt of the correctness of this view, yet, if there be one, it should be entirely removed, since this is now a controversy with a national bank, and there is no jurisdictional question of amount.

*Mr. H. M. Pollard* for appellee.

Mr. Justice HARLAN, after stating the case, delivered the opinion of the court.

1. It is contended that the decree below, so far as it included interest in favor of the appellees, was not in conformity with the opinion of this court, and, for that reason, should be reversed. The claim is that such interest was "nearly or quite $4000." In that view, has this court jurisdiction, upon appeal, to review the last decree?

In support of our jurisdiction, counsel rely upon *Perkins* v. *Fourniquet*, 14 How. 328. In that case, it was claimed that the decree appealed from exceeded what was allowed upon a previous appeal, by a sum larger than was necessary to give this court jurisdiction. And the question arose whether the alleged error could be reached by an appeal from the last decree. Chief Justice Taney, speaking for this court, said: " This objection to the form of proceeding involves nothing more than a question of practice. The mandate from this court left nothing to the judgment and discretion of the Cir-

cuit Court, but directed it to carry into execution the decree of this court, which was recited in the mandate. And if the decree of this court has been misunderstood or misconstrued by the court below, to the injury of either party, we see no valid objection to an appeal to this court in order to have the error corrected. The question is merely as to the form of proceeding which this court should adopt to enforce the execution of its own mandate in the court below. The subject might, without doubt, be brought before us upon motion, and a mandamus issued to compel its execution. But an appeal from the decision of the court below is equally convenient and suitable; and perhaps more so in some cases, as it gives the adverse party notice that the question will be brought before this court, and affords him the opportunity of being prepared to meet it at an early day of the term." This principle was affirmed in *Milwaukee & Minnesota Railroad* v. *Soutter*, 2 Wall. 440, 443, and recognized in *In re Washington & Georgetown Railroad*, 140 U. S. 92, 95.

The case cited would sustain the present appeal as an appropriate mode for raising the question above stated, if the amount now in dispute was sufficient to give this court jurisdiction to review the last decree. Under the statutes regulating the jurisdiction of this court at the date of the decision in *Perkins* v. *Fourniquet*, the amount there in dispute was sufficient for an appeal. But that case does not sustain the broad proposition that, without reference to the value of the matter in dispute, an *appeal* will lie from a decree, simply upon the ground that it is in violation of or a departure from the mandate of this court. While compliance with a mandate of this court, which leaves nothing to the judgment or discretion of the court below, and simply requires the execution of our decree, may be enforced by mandamus, without regard to the value of the matter in dispute, we cannot entertain an appeal, if the value of the matter in dispute upon such appeal is less than $5000. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 5 U. S. App. 97, 100.

2. If the sum in dispute on this appeal were sufficient to give us jurisdiction, we could consider the question of costs

referred to in the second assignment of error. But as the appeal in respect to interest must be dismissed for want of jurisdiction, the appeal, in respect to costs, must also be dismissed. No appeal lies from a mere decree for costs. *Canter* v. *American Ins. Co.*, 3 Pet. 307, 319; *Wood* v. *Weimar*, 104 U. S. 786; *Paper-Bag Machine Cases*, 105 U. S. 766.

*The appeal is dismissed.*