Mr. Justice Shepard
delivered the opinion of the Court:
*103 On February 8, 1900, this court reversed a decree dismissing the bill of the present appellee, and remanded the cause for further proceedings made necessary by the conditions of that reversal. The opinion then delivered disposed of all. the substantial questions in the case, and the final decree in the court below was ordered to be passed in conformity therewith. App. D. O.
In that opinion it was suggested that the bill might need formal amendment to obtain the relief to which it was declared the complainant was entitled.
Such an amendment was filed on March 27, 1900, to which the defendants made answer, denying that they were the agents of Dutton in making the sale of the property to Richardson, who took the title for their benefit. They also averred that in the beginning of the controversy they offered to restore the title to complainant if she would reimburse them for the expenditures made in the purchase from Dutton. On this ground they prayed for a provision in the final decree compelling complainant to pay them the amount of their expenditures in conducting the litigation, as well as costs.
On the same day reference was had to the auditor to state the account between the parties in accordance with the directions contained in the mandate and opinion of this court.
Appellants presented an account to the auditor, showing not only the items of expenditures on account of the property for taxes, repairs and interest, but also a large sum for attorney’s fees and other expenses incurred in defending the suit. The account thus presented, including the amount of the purchase money paid to Dutton, amounted to $17,393.13.
The auditor rejected the items of attorney’s fees and expenses, and, deducting the amount of rents received by the appellants, reported them as entitled to reimbursement in the sum of $10,455.28.
Appellants excepted to the auditor’s report, in so far as it disallowed their charges. These were overruled, and the *104 report was confirmed and final decree passed in accordance therewith.
The questions raised on this appeal will not be entertained.
In so far as they may present questions of law and fact, as sought to be raised on the amended answer filed in reply to the amendment of the bill, heretofore referred to, they are concluded by the former decree. The action of the court was in strict conformity with the mandate of this court and the accompanying opinion. In so far as they raise the mere question of an award of costs, they are not the subject of appeal. Canter v. Insurance Co., 3 Pet. 307, 319; Wood v. Weimar, 104 U. S. 786, 792; Russell v. Farley, 105 U. S. 433, 437; Paper Bag Cases, 105 U. S. 766, 772; City Bank, etc., v. Hunter, 152 U. S. 512, 516.
There remains nothing to do but affirm the decree; which is ordered, with costs. Affirmed.