# UNITED SECURITY LIFE INSURANCE AND TRUST COMPANY OF PENNSYLVANIA

*v.*

# LARNER.

---

### APPEALABLE ORDERS; COSTS.

An appeal raising the question as to which party should pay costs which had accrued in the court below, prior to a former appeal, in a suit by one party to recover from another a certain sum of money to which both made claim by virtue of assignments, *dismissed* upon the ground that the matter was within the discretion of that court, whose order in the premises was not appealable.

No. 1055. Submitted March 21, 1901. Decided April 2, 1901.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia in a suit in equity to determine the rights of the parties to a fund for which both held an assignment. *Appeal dismissed.*

The facts are sufficiently stated in the opinion.

*Mr. Nathaniel Wilson* and *Mr. Clarence R. Wilson* for the appellant.

*Mr. Wm. F. Mattingly* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

When this case was here on a former appeal prosecuted by the present appellee (reported in 17 App. D. C. 112), it was then presented on exceptions to the auditor's report and account, by which the balance of the fund in controversy was awarded to the complainant, the United Security Life Insurance and Trust Company, the present appellant. The National Bank of the Republic, and John B. Larner as assignee, severally excepted to the report and account of the auditor as claimants of the whole fund in controversy. Their exceptions, however, were overruled by the court below, and the auditor's report and account were ratified and confirmed, and thereby the fund was held and adjudged to belong to the complainant, the Insurance and Trust Company. From that order the bank and Larner appealed to this court. The order appealed from was reversed *in toto,* and the fund in controversy was held to belong and be payable to Larner, as assignee of the bank, and the cause was remanded that the fund might be disposed of in accordance with the opinion, of this court.

The original fund paid over to the attorneys of the parties claiming it, by the Treasurer of the United States, was $2,920.64. From this amount was deducted the sum of $250, paid to Cudmore and his attorney, by consent of parties claiming the fund, leaving a balance of $2,670.64, as the real amount of the fund that was in controversy in that case. Of this amount there was paid out the sum of $123 for costs and fees to the auditor. But this latter sum was part of the costs of the proceeding which the losing party was liable to be required to pay; and by the order appealed from the losing party was required to pay all costs that had been incurred,

and to refund the $123 that had been paid out of the fund that remained subject to the final order of the court.

This court, by its former order of reversal, did not ratify or confirm in any respect the auditor's report and account that had been made; but, on the contrary, by the reversal of the order of ratification, it decided that the fund in controversy belonged to the bank, or to Larner, its assignee. Upon remanding the cause, the fund at once became subject to the order of the court in obedience to the mandate of this court, as if the case had never been subject to the auditor's report and account; and the court, by its order of December 4, 1900, directed the entire fund, including the $123 that had been paid over to the auditor for costs and fees, to be paid over to Larner as assignee; and in this there was clearly no error. The question on this appeal is nothing other than an attempt to have the costs of the proceeding in the court below, incurred prior to the former appeal, paid out of the fund. But this is not a case where a trust fund has been defended or protected by parties having a fiduciary relation to it; but was simply a proceeding by one party to recover of another a certain sum of money to which both made claim by virtue of assignments. The entire question on this appeal is as to costs which accrued in the court below prior to the former appeal, and was, therefore, within the discretion of that court, and from the exercise of that discretion no appeal lies. The appeal, therefore, must be dismissed. *City Bank* v. *Hunter,* 152 U. S. 512, 516.

*Appeal dismissed.*