## TRANSCONTINENTAL OIL CO. v. THOMAS et al.*

Circuit Court of Appeals, Fifth Circuit.
December 20, 1928.

No. 5368.

William B. Hamilton and George G. Dimick, both of Shreveport, La., for appellant.

Harvey G. Fields, of Farmersville, La. (Huey P. Long and R. J. O'Neal, both of Shreveport, La., and Earl K. Long, of New Orleans, La., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is the second suit to cancel the same oil and gas lease that has been brought by the lessors. In the first suit, which was filed on November 25, 1921, the District Court entered a decree upholding the lease as to 10 acres upon which lessee had drilled a gas well, and canceling, on the ground of forfeiture, the lease of the remaining 470 acres. That decree was reversed on appeal by this court, Transcontinental Oil Co. v. Spencer (C. C. A.) 6 F.(2d) 866; and a decree restoring the lease became final on October 30, 1925. This suit was filed on April 9, 1927, and the District Court on final hearing entered a decree canceling the lease in its entirety, upon the ground that it had been abandoned by the lessee. The lessee again appeals.

Before the first suit was brought, the lessee had paid $12,500 as rent, and had drilled a producing gas well at an expense of approximately $40,000. Abandonment of the lease by lessee cannot be predicated on his failure to comply with his obligations thereunder during the period covered by the first suit, that is, from November 25, 1921, to October 30, 1925, because during that period the lessors were by suit taking and maintaining the position that his rights had been forfeited. Claim of abandonment can only be based on what has occurred since October 30, 1925, when the decree in the first suit restoring the lease became final. That claim during this later period is sought to be sustained by proof that the lessee has failed to market and sell gas capable of being produced by the well drilled in 1921 upon the leased premises. Undisputed evidence was to the following effect: The gas well is in the Monroe Gas Fields, on the west side of the Ouachita river. The supply of gas in that field is far in excess of the demand, and wells on the east side of the river have been developed to a greater extent than those on the west side. There has been practically no sale of gas, except by companies owning or controlling pipe lines. The lessee has no pipe line and was unable to sell any gas at a reasonable price, but had made a final agreement, in October of 1926, with a company that controlled a pipe line, to sell the well itself. It was prevented from making the sale by reason of a notice served upon the prospective purchaser by the lessors, which stated that the lessee had forfeited its interest in the lease. Subsequently a lis pendens was filed by the lessors which purported to give notice that the lessee had forfeited its lease by failure to carry out the terms and conditions thereof. During the period in question, the supply of gas in the well was not depleted, and it was not in danger of being drained by other wells, the nearest of which was located at a distance of about three-fourths of a mile.

In view of this evidence we are of opinion that the decree canceling the lease on the ground of abandonment was erroneous. It conclusively appears that the lessee was unable to sell gas because of the lack of a market, and that it was prevented from making a sale of the well by the conduct of the lessors in giving notice, filing of lis pendens, and bringing this suit, in all of which the claim was asserted that lessee's rights in the lease had been forfeited or abandoned. Nor was any other ground of forfeiture shown. The lessee had not suffered the supply of gas in the well to decrease or to be drained by other wells in the gas field. The failure to more fully develop the lease is attributable to the fault of the lessors. The lease was under attack in the first suit brought by the lessors for almost four years, and a sale of the gas more than two years ago was prevented by this their second suit.

The decree is reversed, and the cause remanded, with directions to dismiss the bill of complaint.