## LUCE & CO. v. CINTRON.

### No. 2925.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1934.

John T. Noonan, of Boston, Mass. (William H. Gulliver, Jr., of Boston, Mass., and Jaime Sifre, Jr., of San Juan, P. R., on the brief), for appellant.

Jose A. Poventud and Alberto S. Poventud, both of Ponce, P. R., and E. Capo Cintron, of Guayama, P. R., for appellee.

Before BINGHAM, WILSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from an order or decree of the Supreme Court of Puerto Rico of December 8, 1931, affirming an order or decree of the District Court of Guayama, Puerto Rico, directing Luce & Co., plaintiff-appellant, to pay the defendants, as substituted heirs of the deceased defendant Rosario Cintron Sanchez, "the total sum of $10,038.70 as costs, disbursements and attorney's fees."

November 17, 1926, Luce & Co. filed in the district court of Guayama a bill of complaint against the defendant-appellee praying that alleged errors in the registry of property of Guayama be corrected; that Luce & Co. be held to hold and possess certain real property described in the bill; that the court order plaintiff to be entitled to possession and enjoyment of the property; and that defendant be restrained "from depriving or annoying, or from attempting to deprive and annoy, the plaintiff in said possession." It further prayed for a preliminary injunction "restraining the defendant as long as the suit is pending" from a like interference with its possession.

The District Court after a hearing denied the prayer for an injunction pendente lite and sentenced "the plaintiff partnership to the payment of costs of this incident." An appeal from the order denying an injunction pendente lite was taken to the Supreme Court of Puerto Rico, where it was affirmed. Thereafter costs, including attorney's fees (Civil Code of Procedure, § 327), were taxed against the plaintiff in the district court in the sum of $10,038.70, as above noted. An appeal from this order or decree of taxation was then taken to the Supreme Court of Puerto Rico, where it was affirmed. It is from this order or decree of affirmance that the plaintiff appeals to this court.

The only questions raised by the appeal and assignments of error relate to the taxation of costs; the principle one being whether the District Court had jurisdiction to tax costs on entering an alleged interlocutory order.

Our jurisdiction to entertain the appeal is questioned on the ground that it is one solely from an order for costs from which no appeal lies. Wingert v. Bank, 223 U. S. 670, 32 S. Ct. 391, 56 L. Ed. 605; Du Bois v. Kirk, 158 U. S. 58, 15 S. Ct. 729, 39 L. Ed. 895; City Nat. Bank of Fort Worth v. Hunter, 152 U. S. 512, 14 S. Ct. 675, 38 L. Ed. 534; Union Paper-Bag Machine Co. v. Nixon, 105 U. S. 766, 772, 26 L. Ed. 959, and cases there cited.

Our appellate jurisdiction in cases from the Supreme Court of Puerto Rico, as defined by Judicial Code, § 128, as amended (28 US CA § 225), is as follows:

"The circuit courts of appeal shall have appellate jurisdiction to review by appeal * * * final decisions * * * in the Supreme Courts * * * of Porto Rico, in all civil cases * * * wherein the value in controversy, exclusive of interest and costs, exceeds $5,000. * * *"

The record does not disclose that a final judgment or decree has been entered in this case in the Supreme Court of Puerto Rico "wherein the value in controversy, exclusive of interest and costs, exceeds $5,000," from which an appeal has been taken to this court. It is the amount of the judgment or decree, exclusive of interest and costs, that furnishes the test of our jurisdiction. Ortega v. Lara, 202 U. S. 339, 342, 26 S. Ct. 707, 50 L. Ed. 1055.

It is, however, intimated in the brief of the defendant-appellee that after final hearing of the complaint the District Court of Guayama, on January 20, 1930, dismissed the complaint on its merits, from which order or decree an appeal was taken by Luce & Co. to the Supreme Court, where its appeal was again dismissed, which, under section 304 of the Civil Code of Procedure, was an affirmance of the order or decree of the district court of Guayama against Luce & Co. on the merits of its case. No appeal from this order or decree of the Supreme Court to this court appears to have been taken; nor does it appear that the amount involved in that judgment, exclusive of interest and costs, was such as to render it appealable. Had it involved the requisite amount and an appeal had been seasonably taken therefrom and the question of costs had been saved, the latter question undoubtedly could have been reviewed in this court. See City Nat. Bank of Fort Worth v. Hunter, 152 U. S. 512, 514, 14 S. Ct. 675, 676, 38 L. Ed. 534, where it is said: "If the sum in dispute on this appeal was sufficient to give us jurisdiction, we could consider the question of costs, referred to in the second assignment of error; but, as the appeal in respect to interest must be dismissed for want of jurisdiction, the appeal in respect to costs must also be dismissed."

At the time of that decision the statute fixing the right of appeal to the Supreme Court of the United States did not exclude interest from the sum in dispute. It then excluded costs only. But the statute fixing the right of appeal from the Supreme Court of Puerto Rico to this court, in determining the sum in dispute for purposes of jurisdiction, excludes both interest and costs. In the City Nat. Bank Case, supra, interest alone constituted the sum in dispute and only amounted to $4,000, whereas the statutory sum required to give the Supreme Court jurisdiction was $5,000. Consequently it held that "as the appeal in respect to interest must be dismissed for want of jurisdiction, the appeal in respect to costs must also be dismissed."

Whether the order or decree of the Supreme Court of Puerto Rico here appealed from was a final order or decree or not (Newton v. Consolidated Gas Co., 265 U. S. 78, 44 S. Ct. 481, 68 L. Ed. 909) "the value in controversy, exclusive of interest and costs," does not exceed $5,000 as required by section 128 of the Judicial Code, for, after excluding the costs, no sum remains in dispute. And, this being so, it is not open to us to consider the other questions argued by the plaintiff-appellant, viz.: Whether the district court of Guayama had jurisdiction to tax costs on entering an alleged interlocutory order, or to allow attorney's fees at all, either under the statute of Puerto Rico or the general law.

Furthermore it appears from the printed record that the order or decree appealed from was entered in the Supreme Court of Puerto Rico on December 8, 1931, and that the appeal was taken and allowed June 13, 1933, or one year six months and five days after the entry of the decree. By title 28 USCA § 230, it is provided:

"No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

And it is universally held, in view of this statute, that the Circuit Court of Appeals has no jurisdiction of a case where more than three months has intervened between the day of judgment or decree and the day on which the writ of error was sued out, or the appeal was taken, unless it appears that a motion for rehearing or reconsideration was filed within the term at which the judgment or decree was entered and within three months from the date of its entry, in which case the time between the filing of the motion and its denial will be excluded in reckoning the three months' period. While the printed transcript of record shows that a motion for reconsideration was at some time presented to the Supreme Court, neither it nor the original record filed in this court shows that the motion for reconsideration was filed in the Supreme Court at the term in which the order or decree appealed from was entered and within three months from the entry thereof. But, irrespective of this and for the reasons previously stated, this court is without jurisdiction to entertain the appeal.

The appeal is dismissed for want of jurisdiction.