## BAEZ v. PEOPLE OF PUERTO RICO.
### No. 3073.

Circuit Court of Appeals, First Circuit.
March 5, 1936.

---

318

Leopoldo Feliu, of San Juan, P. R., for appellant.

William Cattron Rigby, of Washington, D. C. (B. Fernandez Garcia, Atty. Gen., of P. R., and Nathan R. Margold, Sol., Department of Interior, of Washington, D. C., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the Supreme Court of Puerto Rico of July 22, 1933, affirming a judgment of the District Court of Aguadilla of January 19, 1929, entered pursuant to a verdict of guilty of December 6, 1928.

The defendant was indicted in the District Court of Mayaguez on October 21, 1927, charged with the crime of embezzlement, the material part of which reads as follows:

"The said defendant, Enrique Baez, being an officer of The People of Puerto Rico and while in the discharge of his duties as clerk of the District Court for the Judicial District of Mayaguez, Puerto Rico, in Mayaguez, which forms part of the judicial district of the same name, and while in charge of receiving, keeping under his custody and in his possession and legally transferring and disbursing the sums of money deposited with him in civil suits, received from the Marshal of this Court, during one of the days of the month of October, 1926, in his said official capacity, the sum of $3,500, U. S. Currency, proceeding from a judicial sale made in civil suit No. 11,966, brought by Clotilde Toro Diaz, as mother with patria postestas over her minor children Porfirio, Elliot Ramon, Terry Edith and Wilfredo Diaz-Toro, the said sum belonging to the aforesaid minors, and the said Enrique Baez then and there unlawfully, willfully, maliciously and fraudulently, appropriated for his private use and in a manner contrary to the due and legal discharge of his official duties, the said sum of $3,500, U. S. Currency, which had been entrusted to him and which came to his possession in the exercise of his office as Clerk of the District Court of Mayaguez, in the aforesaid suit, depriving the owners thereof of said amount, all of which is contrary to the law for such cases made and provided, and against the peace and dignity of The People of Puerto Rico."

The people of Puerto Rico, through its district attorney, having applied for the removal of the case to the District of Aguadilla on the ground that a fair and impartial trial could not be had in the District of Mayaguez, and the parties having been heard thereon, that court, on the 16th day of January, 1928, ordered the case removed to the District Court of Aguadilla, the nearest one to the Judicial District of Mayaguez, on the ground that the people of Puerto Rico could not obtain a fair and impartial trial and jury in the Judicial District of Mayaguez. The case having been transferred, the defendant was arraigned in the District Court of Aguadilla on the 11th day of May, 1928, and pleaded not guilty; and a trial having been had before the judge of the District Court of Aguadilla and a jury, a verdict was returned on December 6, 1928, finding the defendant guilty of the crime of embezzlement. Due to various motions and requests interposed by counsel for the defendant asking postponements in the pronouncement of judgment, judgment was not entered on the verdict until January 19, 1929, when the defendant was sentenced to three years imprisonment in the penitentiary.

From this judgment an appeal was taken to the Supreme Court of Puerto Rico, which, after hearing, on July 22, 1933, rendered an opinion overruling the assignments of error and, on that day, entered judgment affirming the judgment of the District Court of Aguadilla. Thereafter on January 18, 1934, the defendant caused a notice of appeal to this court from the judgment of July 22, 1933, to be served upon the Attorney General of Puerto Rico. When the petition or notice of appeal was filed in the clerk's office of the Supreme Court the record does not disclose, but, on April 25, 1934, it was presented to the Chief Justice of that court, who then entered an order allowing the appeal and therein directed that if the appellant desired to remain at liberty, pending appeal he should furnish a bail bond in the sum of $5,000 and a cost bond in the sum of $300. On April 27, 1934, a citation issued, citing the people of Puerto Rico to appear in this court within sixty days from the date thereof, and on that day the marshal served the same upon the Acting Governor and Attorney General of the Island. May 3, 1934, an appeal bond and a bail bond, as above specified, were presented to the Chief Justice and approved.

It appears from what has been said that no action whatever, in the way of prosecuting an appeal from the judgment of the Supreme Court of Puerto Rico of July 22, 1933, to this court, was taken until January

18, 1934, or until after the expiration of six months lacking four days; and, so far as the record discloses, the petition for appeal was not brought to the attention of the Chief Justice until April 25, 1934, when it was allowed. At that time more than nine months had elapsed since the judgment of July 22, 1933, was entered. It is therefore apparent that if, at the time the judgment was entered, the plaintiff had six months within which to present his application to a judge of the Supreme Court, or to present it and obtain the allowance of an appeal, the time for so doing had, in either case, long since passed.

But at the time the judgment was entered on July 22, 1933, the period within which an appeal from the Supreme Court could be applied for was limited to three months.

Congress, on February 13, 1925, passed an act entitled "An Act to amend the Judicial Code, and to further define the jurisdiction of the circuit courts of appeals and of the Supreme Court, and for other purposes." Chapter 229, 43 Stat. 936. In section 8 (c) of that act (28 U.S.C.A. § 230) it was provided:

"(c) No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

While under the Act of 1925 the proper method of reviewing a judgment was by writ of error, it was further provided that, if through mistake an appeal had been taken, it could not be dismissed solely because a writ of error should have been sued out. Act of February 13, 1925, c. 229, § 10, 43 Stat. 941 (28 U.S.C.A. § 861). And later Congress, by the Act of January 31, 1928 (chapter 14, § 1, 45 Stat. 54), provided that:

"The writ of error in cases, civil and criminal, is abolished. All relief which heretofore [prior to January 21, 1928] could be obtained by writ of error shall hereafter be obtainable by appeal." U.S. C.A. title 28, § 861a.

Since then section 8 (c), c. 229 of the Act of February 13, 1925, has been made to read:

"No appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judg-

ment or decree." U.S.C.A. title 28, § 230 and note. (Italics supplied.)

On April 26, 1928 (45 Stat. 466, c. 440), Congress amended section 2, chapter 14, of the Act of January 31, 1928, to read as follows:

"The statutes regulating the right to a writ of error, defining the relief which may be had thereon, and prescribing the mode of exercising that right and of invoking such relief, including the provisions relating to costs, supersedeas, and mandate, *shall be applicable to the appeal* which the preceding section [section 861a of this title] substitutes for a writ of error." U.S. C.A. title 28, § 861b. (Italics supplied.)

See Solomon v. United States (C.C.A.) 297 F. 95, as to supersedeas.

■ As it unquestionably appears from the record that no application for an appeal was presented to a judge of the Supreme Court for allowance within three months from the rendition of the judgment sought to be reviewed, this court is clearly without jurisdiction to entertain the appeal. Luce & Co. v. Cintron (C.C.A.) 73 F.(2d) 481, 482.

We think it may be helpful to the bar if we state the following:

■ First. That an application for appeal is seasonably made within the meaning of section 230 if applied for *in open court* at the term at which the judgment or decree is entered and within three months thereof. In such case, if bond is furnished and approved by the court during the term, no citation is necessary. But if the bond is approved by a judge out of court, whether during or after the term at which the judgment or decree is entered, citation is necessary. Jacobs v. George, 150 U.S. 415, 14 S.Ct. 159, 37 L.Ed. 1127; Richardson v. Green, 130 U.S. 104, 114, 9 S.Ct. 443, 32 L.Ed. 872.

■■ Second. An application for appeal, made out of court, is likewise seasonably made if presented for allowance to a judge of the court where the judgment or decree is entered on or before the expiration of three months. Von Holt v. Carter (C.C. A.) 56 F.(2d) 61; Luce & Co. v. Cintron, supra. But where the application is made to a judge out of court, whether pending the term at which the judgment or decree is entered or later, citation is necessary to perfect the appeal, and should be signed by the judge after allowance and approval of the bond.

■■ An appeal is a matter of right. It is the date of presentation of the application to the court or judge that fixes the right of the applicant to his appeal, not the date of its allowance. United States v. Vigil, 10 Wall. 423, 427, 19 L.Ed. 954; Cardona v. Quinones, 240 U.S. 83, 84, 36 S.Ct. 346, 60 L.Ed. 538; J. D. Randall Co. v. Foglesong Mach. Co. (C.C.A.) 200 F. 741, 743. These decisions of the Supreme Court of the United States are contra to Ross v. White (C.C.A.) 32 F.(2d) 750, 751, and Green v. City of Lynn (C.C.A.) 87 F. 839, and hold that the allowance of an application is not essential to fix the right of appeal. The record should show the date the application for appeal was presented to the court or judge.

■■ The filing of an application for appeal *in the office of the clerk* of the court where the judgment or decree is entered will not be regarded as an application "duly made" under section 230, so as to stop the running of the statute, *unless it be* where the sole judge of that court or all of its judges are out of the jurisdiction, or incapacitated, so that an application cannot be made to a judge of that court within the three months period. Where the sole judge or all the judges of the court in which the judgment or decree is entered are out of the jurisdiction, or incapacitated, the filing of the application for appeal *in the office of the clerk* within three months from the entry of judgment or decree will not be permitted to defeat the right of the appellant.

■■ Where application is made to a judge of the Circuit Court of Appeals for allowance (28 U.S.C.A. § 228) and he approves the bond, signs the citation, and allows an appeal within the time for so doing, but the petition for appeal, bond, allowance, and citation are not presented to the court in which the judgment or decree was entered, nor filed with the clerk of that court, until after the period fixed by law for taking an appeal has expired, the appeal is not seasonably taken for the reason that "an appeal cannot be said to be 'taken,' any more than a writ of error can be said to be 'brought,' until it is in some way presented to the court which made the decree appealed from." Credit Co. v. Arkansas Central Railway Co., 128 U.S. 258, 261, 9 S.Ct. 107, 108, 32 L.Ed. 448.

■■ And, under rule 16 of this court, the transcript of record should be docketed here within thirty days (Puerto Rico, sixty days) from the approval of the bond, when the allowance and approval are in open court; otherwise within thirty days (Puerto Rico, sixty days) from the date of the citation signed by the judge after allowance of appeal and approval of bond, unless in either case the time for so doing is enlarged as required by paragraph 2 of rule 16.

■■ The citation in this case was issued April 27, 1934. According to rule 16 of this court the transcript of the record, the appeal being from the Supreme Court of Puerto Rico, should have been filed here within sixty days from the date of the citation (April 27, 1934). It was not filed in this court until December 10, 1935, or a year, seven months, and thirteen days after the citation issued. There were several enlargements, some seasonably applied for, others not. When an enlargement of time for filing a transcript of record is desired, it should be applied for before the expiration of the thirty or sixty days fixed by rule 16, as in the case of an application for an enlargement of the time for filing a bill of exceptions. Slip Scarf Co. v. Wm. Filene's Sons Co. (C.C.A.) 289 F. 641, 643; Candal De Lopez v. Sociedad Espanola de Auxilio (C.C.A.) 45 F.(2d) 331, 332. When application has been made to this court for enlargement of time, all subsequent applications should be made here, not in the lower court. The delay that has taken place in the prosecution of this appeal should hereafter be avoided.

The appeal is dismissed for want of jurisdiction.