ARMAND CO., Inc., et al. v. FEDERAL
TRADE COMMISSION.

No. 195.

Circuit Court of Appeals, Second Circuit.
July 2, 1936.

Henry Ward Beer, of New York City, for the motion.

Martin A. Morrison, of Washington, D. C., opposed.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

We have already once decided this motion without opinion, and we now state our reasons in the hope that this at least may end the matter. The argument is based upon the notion that the "cease and desist" order of the Commission was a nullity because of the departure, or variance, between it and the complaint on which the Commission heard the cause. Apparently it is also supposed that our order affirming it was likewise a nullity, though before us at least there was a controversy to be decided, however void the order reviewed. Passing that question and before addressing ourselves to the first point, we must state the facts. The complaint was against the Armand Company and some of its officers and a number of wholesale and retail druggists, all named as respondents. The company was selling toilet articles manufactured by secret processes through wholesale and retail druggists, both those named as respondents, and others; and the sixth article alleged that the respondents named were "engaged in a conspiracy, common understanding, combination and agreement with and among themselves and * * * dealers not specifically named as respondents * * * to monopolize and unduly * * * to restrain the interstate business * * * of respondents and of the aforesaid dealers, not specifically named * * * and in accordance with * * * said conspiracy * * * the respondents and those referred to above as dealers not specifically named * * * have monopolized and unduly * * * restrained the interstate trade * * * of themselves and their competitors." This was alleged to have been done (a) by selling the Armand Company's products at retail prices fixed by agreement, higher than would have prevailed except for the conspiracy; (b) by refusing to sell them at all to dealers who were not druggists; and (c) by refusing to sell them to those wholesalers or retailers who did not sell at prices fixed by the Armand Company. The complaint then alleged a number of overt acts in execution of this conspiracy, nine done by the company, and seven by the wholesalers and retailers. The respondents answered, much testimony was taken, and elaborate findings of fact were made, the upshot of which was that the company exacted contracts of wholesalers and retailers by which they

were to maintain retail prices. There was no finding that a conspiracy had existed. Upon these 'findings the Commission entered a "cease and desist" order, (1) forbidding only the Armand Company and its officers (1) to procure "from wholesale or retail dealers contracts * * * that respondent's products * * * are to be resold * * * at prices specified," and (2) to procure from wholesalers "contracts * * * that Armand products are not to be resold by such wholesalers to price-cutting retail dealers." The proceeding was dismissed as to the wholesalers and retailers, named as respondents.

■ We assume arguendo, although this is not a criminal prosecution, that the rule does not apply which governs civil conspiracies at common law; that is, that the allegation of conspiracy is merely inducement, and that the gist of the wrong is the acts done in furtherance of the common plan. Lewis Invisible Stitch Machine Co. v. Columbia Blindstitch Machine Corp., 80 F.(2d) 862 (C.C.A.2). Yet even upon a direct review of convictions for criminal conspiracies it is not a fatal variance to allege a single conspiracy of three and prove two conspiracies of two each, to which one of the conspirators is in each case not a party. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314. A fortiori it is not such to allege a conspiracy of three or more and prove one of less members, or of more. Yet these are all cases of departure and show that it is immaterial to prove a different criminal agreement from that alleged, when the defendants are not prejudiced by the variance. Moreover, while it is true that a man may not be convicted on an indictment for conspiracy, if it appear that there was no other party to the transaction, it is not necessary that more than one shall be convicted. Feder v. U. S., 257 F. 694, 5 A.L.R. 370 (C.C.A.2); U. S. v. Austin-Bagley Corp., 31 F.(2d) 229, 233 (C.C.A.2); Didenti v. U. S., 44 F.(2d) 537 (C.C.A.9); Rosenthal v. U. S., 45 F.(2d) 1000, 1003, 78 A.L.R. 1415 (C.C.A.8); Worthington v. U. S., 64 F.(2d) 936, 939 (C.C.A.7). Here, although the wholesalers and retailers, named as respondents, were indeed dismissed, there were others, not named, about whom nothing was determined; and, besides, the Armand Company might have acted in concert with its officers, and was

indeed found to have done so. Thus, at worst, the case is no more than one in which the order does not in terms declare that the respondents in default had been guilty of a conspiracy, an omission of no consequence at all.

■ If, however, that be thought to be too verbal a way to deal with the matter, the result is the same, though we assume that the company alone was found guilty, and that all wholesalers and retailers, named and not named, were acquitted. None the less, the company made agreements with them which were exactly those alleged as the content of the conspiracy; the parties and the performance were precisely the same. The Commission might enjoin the company from so conducting itself, whether under the name of conspiracy or of an individual "unfair method of competition." Even if we assume that the change was substantial enough to be ground for dismissal unless the complaint was amended, it was no more. To succeed here, the respondent must maintain that the order so far abandoned the very frame and outline of the original charge that it had no greater sanction than if the bailiff had signed it. It is true that there may be such departures. Reynolds v. Stockton, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464; Jorgenson Co. v. Rapp, 157 F. 732 (C.C.A.9); Osage O. & R. Co. v. Continental Oil Co., 34 F.(2d) 585 (C.C.A.10); Clark v. Arizona M. S. & L. Ass'n (D.C.) 217 F. 640; Munday v. Vail, 34 N.J.Law, 418. But as was intimated in Reynolds v. Stockton, supra, 140 U.S. 254, 265, 266, 11 S.Ct. 773, 35 L.Ed. 464, much depends upon what takes place before judgment; if, for instance, the defendant merely files an answer and defaults thereafter, a closer registry between pleading and judgment is exacted than after a contested trial, where it may reasonably be assumed that the disposition corresponded to the actual controversy as the parties understood it, even though no formal amendment of the pleadings appears in the roll. Not only must this be true, but, even when the case has not been contested, the question is always one of degree, else any judgment may be upset for trifling variances. At least in a contested case there must be an entire abandonment of the very substance of the dispute to which the defendant was summoned, and the substitution of another which he could not have anticipated, and

which he had no opportunity to meet. Insley v. U. S., 150 U.S. 512, 14 S.Ct. 158, 37 L.Ed. 1163; Hatcher v. Hendrie & Bolthoff Mfg. & Supply Co., 133 F. 267 (C.C.A.8); (semble); Jarrell v. Cole, 215 F. 315, L.R.A.1916E, 298 (C.C.A.4); Cushman v. Warren-Scharf Asphalt .Co., 220 F. 857 (C.C.A.7). It is apparent at a glance that, so considered, this motion was without basis. The difference is of no practical moment between a conspiracy of a manufacturer and his dealers, by which all agree to market the goods unlawfully, and the individual acts of the manufacturer in procuring exactly those agreements and distributing his goods under them. The manufacturer called upon to justify such a course of dealing is advised of what he has to meet, and the divergence between the charge framed as a joint wrong and as single is utterly unimportant. If, during the course of the prosecution, he could show any reason why it was important to make the formal adjustment, conceivably it might be error to refuse to do so; but to hold, after all had gone through without question, that it had been only a dance of marionettes, would be to go back at least two centuries.

Motion denied.