## WENBORNE-KARPEN DRYER CO. v. CUTLER DRY KILN CO.

District Court, W. D. New York. January 15, 1927.

1. Patents ⬡⟶324(6)—Reversal on appeal of decree for complainant held to leave trial court without power to grant rehearing.

Where decree for complainant in an infringement suit is reversed on appeal, and mandate issued, the trial court is without power to grant a rehearing, especially on an issue stressed in a petition to the appellate court for rehearing which was denied.

2. Appeal and error ⬡⟶839(1)—Affirmance or reversal may be on issues not passed on below.

Appellate court may affirm or reverse on issues not passed on by trial court.

3. Appeal and error ⬡⟶1202—Mandate on reversal of decree for complainant held not to authorize reconsideration of issues; "further proceedings."

Direction of "further proceedings" in the mandate of an appellate court, after reversal of a decree for complainant, mean only entry of decree conforming to the decision of the appellate court and dismissing the bill, and does not authorize reconsideration of issues decided, or admission of new evidence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Further Proceeding.]

On motion by complainant for rehearing. Denied.

For former opinion, see 285 F. 73.

William R. Rummler and Walter F. Boye, both of Chicago, Ill., Cyrus W. Rice, of Grand Rapids, Mich., and Edward R. Bosley, of Buffalo, N. Y., for plaintiff.

Drury W. Cooper, of New York City, and J. William Ellis, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. [1] On this application, plaintiff asks for a rehearing on an issue of equitable estoppel, or, in the substantial wording of the brief, to set the case down for further proceedings and to present additional evidence to negative prior uses. The motion is based mainly on the ground that the plea of equitable estoppel was not specifically passed upon or decided either by this court or the Circuit Court of Appeals, which reversed the decree of this court and commanded that such further proceedings be had in said case in accordance with its decision, as, according to right and justice, ought to be had, 290 F. 625.

This court had ruled (285 F. 73) that the Grosvenor process patent in controversy (No. 1,186,477) was valid and infringed. The issue raised by the supplemented bill, of the privity of defendant with the prior Rockford Bookcase Company action, decided in the Northern District of Illinois, was barely suggested in the brief submitted by plaintiff in this court, and, indeed, was not "now relied upon"; it being explained that depositions had been taken regarding newly discovered prior uses, and that plaintiff preferred that the merits thereof be considered and passed upon.

The Circuit Court of Appeals deemed the evidence relating to prior uses sufficient, and sustained the defense of noninfringement without, in its opinion, referring to the alleged plea of estoppel by privity with the Rockford adjudication. In the petition for rehearing presented by plaintiff to the appellate court, one of the points made related to the alleged estoppel, and reference had also been made thereto in the original brief. The said issue was also presented by petition for rehearing by a licensee. In its decision, denying the rehearing, the court said: "We have examined the petition for rehearing and are not disposed to entertain it in substance." Subsequently application was made to the Supreme Court for certiorari, and, in the brief there submitted, it was again urged that the defendant was in privity with the Rockford Bookcase Company, and accordingly was equitably estopped to deny the validity of the patent in suit. In the circumstances, defendant's contention that plaintiff has not been deprived of its day in court is not without substance. It is unnecessary, however, for me to decide this question. By its mandate, the Circuit Court of Appeals has placed an imperative duty upon this court, viz. to carry out its judgment. It does not direct a new trial or further proceedings—nothing is left open by interpretation or implication, for further action by this court, either with relation to the question of estoppel, or taking or considering additional evidence as to prior uses. It is not discretionary to do so, and this court is constrained to rule that, since the question of estoppel was presented and argued to the appellate tribunal, this court is devoid of power to do anything other than what is required to be done by the mandate.

In Sibbald v. United States, 12 Pet. 488, 9 L. Ed. 1167, the Supreme Court has established the principle applicable to the duty devolving upon the inferior court to render specific judgment. In that case the learned court said:

"No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees

or judgments, for errors of fact or law, after the term in which they have been rendered, unless for clerical mistakes. * * * That no change or modification can be made, which may substantially vary or affect it in any material thing. * * * Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; nor give any other or further relief; nor review it upon any matter decided on appeal, for error apparent; nor intermeddle with it, further than to settle so much as has been remanded."

This rule was restated by the Supreme Court in Ex parte Union Steamboat Co., 178 U. S. 317, 20 S. Ct. 904, 44 L. Ed. 1084, and again in Sanford Fork & Tool Co., 160 U. S. 255, 16 S. Ct. 291, 40 L. Ed. 414, and in Re Potts, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994, it was ruled that if a rehearing, in a case decided by the Supreme Court, is to be had, it can only be by its discretion. Upon this point it was said:

"When the merits of a case have been once decided by this court on appeal, the Circuit Court has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defenses on the merits to be introduced by amendment of the answer."

[2] This rule is believed to be of general application. The contention that the Circuit Court of Appeals possessed jurisdiction to review only the question of validity of the patent and its infringement by defendant is believed untenable. No adjudications are cited to show that an issue, not determined by the trial court, may not be passed upon by the appellate court. Indeed, the rule is to the contrary, and frequently decisions on appeal affirm or reverse on questions not passed upon by the court of original jurisdiction. Plaintiff's insistence that its claim of equitable estoppel was presented and diligently represented in argument and in the briefs on appeal certainly warrants the presumption that it was not ignored or overlooked, even though the opinion makes no reference thereto. Indeed, the decision on the application for rehearing is a direct holding, as heretofore pointed out, that the questions submitted, including equitable estoppel, were before the court and passed upon.

[3] On the point of the asserted right to present additional evidence, it must be held that there is no power in this court to reopen the case because the mandate does not, either in direct terms or by implication, direct considering any. It would be in violation of the mandate to do so. Gaines v. Rugg, 148 U. S. 228, 13 S. Ct. 611, 37 L. Ed. 432; Re Washington & G. R. Co., 140 U. S. 91, 11 S. Ct. 673, 35 L. Ed. 339; Dubuque R. Co., 1 Wall. (68 U. S.) 69, 17 L. Ed. 514; Stewart v. Salamon, 94 U. S. 434, 24 L. Ed. 275. The words "further proceedings," embodied in the mandate, do not mean that further proceedings should be taken upon any question at issue, and decided, but mean that a decree shall be entered conforming with the decision of the appellate court reversing the lower court and dismissing the bill. Moreover, as pointed out by defendant, the additional evidence is not shown to be newly discovered evidence, or that it was not known to plaintiff prior to the decision by this court, or that it could not have been discovered earlier by reasonable diligence.

The questions argued at the bar require no enlargement, since this court is convinced that its duty is to obey the mandate of the Circuit Court of Appeals by permitting the entry of final decree, submitted by defendant, and dismissing the bill as therein provided. So ordered.