## ILLINOIS BELL TELEPHONE CO. v. SLATTERY et al.

### No. 6671.

Circuit Court of Appeals, Seventh Circuit.

Aug. 9, 1938.

Otto Kerner, Atty. Gen. of Illinois (Harry R. Booth, Thomas A. Keegan, John P. Barnes, Jr., and Frederick Zazove, Asst. Attys. Gen., of counsel), for appellants.

William P. Sidley, Kenneth F. Burgess, Leslie N. Jones, and W. Clyde Jones, all of Chicago, Ill. (Sidley, McPherson, Austin & Burgess, of Chicago, Ill., of counsel), for appellee.

Before MAJOR and TREANOR, Circuit Judges, and HOLLY, District Judge.

MAJOR, Circuit Judge.

The sole question herein presented is jurisdictional raised by plaintiff's motion to dismiss the appeal.

A consideration of the question requires a brief resumé of the proceedings had before the entry of the decree of February 5, 1938, from which the appeal is taken. In 1923, a specially constituted Court of three judges was assembled in conformity with Section 266 of the Judicial Code, Title 28 U.S.C.A. § 380 to hear and determine a suit instituted by the plaintiff wherein it was alleged that an order of the Illinois Commerce Commission, which reduced rates on coin box service in the City of

Chicago, was confiscatory under the Federal Constitution and void. Preliminary, interlocutory and final injunctions were issued by the three-judge Court against the enforcement of the Commission's order. Pursuant to the terms of the interlocutory injunction which was continued in effect throughout the litigation, and the bonds executed by the company as required by the order granting the injunction, plaintiff collected from its subscribers the rates which the Illinois Commerce Commission had ordered to be reduced.

After various proceedings in which the case had on four occasions been in the Supreme Court of the United States (Smith v. Illinois Bell Tel. Co., 269 U.S. 531, 46 S.Ct. 22, 70 L.Ed. 397; affirming interlocutory injunction; 282 U.S. 133, 51 S.Ct. 65, 75 L.Ed. 255, remanding final decree for new findings; 283 U.S. 808, 51 S.Ct. 646, 75 L.Ed. 1427, dismissing appeal of Commission for an order dissolving the interlocutory injunction; and Ex parte Smith, 283 U.S. 794, 51 S.Ct. 482, 75 L.Ed. 1419, denying leave to file motion for mandamus to lower court to dissolve interlocutory injunction); the final decree entered June 28, 1933 by the three-judge court, granting a final injunction upon additional findings was reversed by the Supreme Court on April 30, 1934, in Lindheimer et al. v. Illinois Bell Telephone Co., 292 U.S. 151, 54 S.Ct. 658, 78 L.Ed. 1182.

By mandate issued May 31, 1934, to carry this decision into effect, the Supreme Court remanded the case to the court below, the mandate containing the following directions:

"The decree of the said District Court, in this cause be, and the same is hereby reversed with costs * * * and the same is hereby, remanded to the said District Court with directions to dissolve the interlocutory injunction, to provide for the refunding, in accordance with the terms of that injunction and of the bonds given pursuant thereto, of the amounts charged by the Company in excess of the rates in suit, and to dismiss the bill of complaint."

The court below thereupon entered decrees of June 1, 1934 and June 11, 1934, directing the manner of making the refunds and established June 1, 1937 as the last date for the filing of claims by subscribers. In the latter decree it was provided:

"On and after that date, to-wit: June 1, 1937, plaintiff shall be released as to all refunds which it has not been able to make in compliance herewith except as to those subscribers who during said six months' period (or prior thereto) shall have made claim theretofore to the plaintiff, and except, further, as to those refunds respecting which questions are pending before this Court at that time or where the matter of refund is in dispute between the subscriber and plaintiff."

On June 14, 1937, there being $1,600,-000 unclaimed by subscribers, defendants, on behalf of the State of Illinois, presented a petition in the name of the Attorney General, laying claim to the balance of the unrefunded moneys under the doctrine of bona vacantia as the owner of ownerless personal property. On February 5, 1938, the court entered the final decree complained of, wherein it denied defendants' claim and discharged the plaintiff from any further liability.

The court also had before it the petition of Meyer Berman, a subscriber, who sought to intervene on his own behalf and as a representative of a class similarly situated, wherein it was sought to recover $7\frac{1}{2}\%$ deducted from their refunds and allowed by the court as counsel fees and expenses incurred in the litigation, and in the execution of the Supreme Court mandate. This petition, by the decree of February 5, 1938, was denied, from which denial an appeal was prosecuted to the Supreme Court. Berman v. Illinois Bell Tel. Co., 58 S.Ct. 1049, 82 L.Ed. ——. Plaintiff there presented a statement opposing jurisdiction and motion to dismiss or affirm. The ground urged against jurisdiction was that denial of intervention is not an appealable order. On the other hand, Berman claimed the court had jurisdiction because the construction of its mandate was involved. The Court, on May 23, 1938, entered the following order: "The motion to affirm is granted" making no statement respecting the basis of its order.

Inasmuch as the terms of the Supreme Court mandate dated May 31, 1934, supra, becomes material, if not controlling, we call attention to the terms of the injunction and of the bond therein referred to. The former recites that the bond shall be "further conditioned so that in the event that this interlocutory injunction shall be hereafter dissolved, the plaintiff shall refund to its several subscribers, either in cash or by credit, upon subsequent bills, any sums paid by them in excess of the sums chargeable

to them, pursuant to the provisions of said order of the Illinois Commerce Commission." The bond executed in conformity therewith binds the plaintiff for the benefit of the telephone subscribers in the following language: "and shall also well and truly repay to each or any of its subscribers, or to the persons entitled thereto, with interest, either in cash or by credit on subsequent bills, and in such way and manner as the District Court of the United States may hereafter direct."

It is the contention of the plaintiff that if any right of appeal existed, it was to the Supreme Court, and that therefore, this Court is without jurisdiction. It is obvious that if defendants had a right of appeal to the Supreme Court, none could be maintained here. Plaintiff argues that inasmuch as the question involved has to do with the execution of the Supreme Court mandate of May 31, 1934, that court has the inherent power to determine whether or not such mandate has been correctly executed by the lower court, and that also Title 28 U.S.C.A. § 345, which gives the Supreme Court jurisdiction by direct review of orders or decrees granting or denying injunctions in respect to orders of State Commissions, authorizes an appeal to that court.

On the other hand defendant contends that no appeal may be taken to the Supreme Court unless it falls within one of the classifications set out in Section 238 of the Judicial Code, 28 U.S.C.A. § 345 and that all other appeals must come to this Court.

The only portion of Section 238 having any pertinency is Paragraph 3, found in the footnote[1].

It will be noted that the language in this paragraph, so far as material to the right of direct appeal to the Supreme Court, is almost identical with that contained in Section 266 of the Judicial Code, Title 28 U.S.C.A. § 380.

■ We think, undoubtedly, the solution of the question before us must be made to depend upon a determination as to whether the lower Court, in entering the decree of February 5, 1938, failed or refused to give effect to, or misconstrued the mandate of the Supreme Court. The law seems to be well settled that a lower Court is free to determine any matter left open by the mandate of the higher court. Our attention is called to a number of authorities which sustain this principle. The case of Mason v. Pewabic Mining Co., 153 U.S. 361, 14 S. Ct. 847, 38 L.Ed. 745, is pertinent to the situation. There, as here, a fund was created as a result of a mandate of the Supreme Court. It was there held that no question was involved in the original suit as to the disposition of the fund in controversy and that the lower Court was consequently free to consider the question because it was a new one and an appeal lay only to the Circuit Court of Appeals. In Re Sanford Fork & Tool Company, Petitioner, 160 U. S. 247, 16 S.Ct. 291, 40 L.Ed. 414, in discussing a somewhat similar question, the court on page 256, 16 S.Ct. on page 293 said:

"But the circuit court may consider and decide any matters left open by the mandate of this court; and its decision of such matters can be reviewed by a new appeal only. [Citing cases]."

In Re Union Steamboat Company, 178 U.S. 317, 20 S.Ct. 904, 44 L.Ed. 1084, the court denied jurisdiction and on page 319, 20 S.Ct. on page 905, said:

"The inferior court is justified in considering and deciding any question left open by the mandate and opinion of this court, and its decision upon such matter can only be reviewed upon a new appeal to the proper court (In re Sanford Fork & Tool Company, 160 U.S. 247, 256, 16 S.Ct. 291, 40 L.Ed. 414); and the opinion of this court may be consulted to ascertain exactly what was decided and settled."

■ It would seem that the construing of a mandate presupposes that a problem has been presented to an Appellate Court and that the Court has passed upon the problem and returned it to the lower Court with its command. On the original appeal to the Supreme Court, the sole problem was the validity of an order of the Illinois Com-

1 "(3) An Act restricting the issuance of interlocutory injunctions to suspend the enforcement of the statute of a State or of an order made by an administrative board or commission created by and acting under the statute of a State, approved March 4, 1913, which Act is hereby amended by adding at the end thereof, 'The requirement respecting the presence of three judges shall also apply to the final hearing in such suit in the district court; and a direct appeal to the Supreme Court may be taken from a final decree granting or denying a permanent injunction in such suit.'" 43 Stat. 938.

merce Commission directing the reduction of certain telephone rates. Defendants in the instant matter contended before the Court below that they, and they alone, were entitled, by reason of their status as a sovereign, to all unclaimed ownerless personal property. That question was not an issue between the parties to the original suit and was not involved in the original appeal to the Supreme Court. The question did not arise until June 1, 1937, when some $1,600,000 was found to remain unclaimed. Under such circumstances, the Supreme Court, in its opinion, did not touch upon the question and neither did its mandate, either expressly or impliedly. The only provision in the mandate here material was that for the refunding, in accordance with the terms of the injunction and the bond given pursuant thereto of the amounts charged by plaintiff in excess of the rates as fixed by the Commission. By the express language of each, as heretofore related, such refund was for the benefit of plaintiff's subscribers. It is apparent that the Court below neither failed nor refused to carry out the mandate of the Supreme Court, nor has it misconstrued it. On the other hand, the mandate has been fully and completely executed. To hold otherwise is to read into the mandate something which is not there and which, from the nature of the situation, could not properly be there.

Plaintiff relies strongly upon the case of Baltimore & Ohio Railroad Company v. U. S., 279 U.S. 781, 49 S.Ct. 492, 73 L.Ed. 954, in support of its contention that the appeal in the instant case lies direct to the Supreme Court. Our attention is called to what the court said on page 785, 49 S.Ct. on page 493:

"When a lower federal court refuses to give effect to or misconstrues our mandate, its action may be controlled by this court, either upon a new appeal or by writ of mandamus. [Citing cases.] It is well understood that this court has power to do all that is necessary to give effect to its judgments. The act authorizes this appeal."

From what we have heretofore said, it will be seen this language is inapplicable to the present situation. Defendant points out that this case arose under the Urgent Deficiencies Act of 1913, Title 28 U.S.C.A. §§ 47, 47a, which distinguishes the case from the present situation. While the language used in such section makes the right of appeal somewhat broader than the language used in Section 266, yet it seems to us that is rather immaterial insofar as it concerns the question here presented. In either event it must depend upon the construction of the mandate. The Court in the Baltimore Case so recognized: "The present controversy concerns the construction and effect to be given to the mandate." On this basis we think that case is clearly distinguishable. There, the lower Court, so it was contended, failed to carry out the mandate of the Supreme Court by reason of its refusal to provide restitution to shippers. The right to restitution was incidental to and in effect a part of the main suit, since a determination that money had been unlawfully exacted, was, in effect, a judgment that it should be returned. The mandate of the Supreme Court had been disregarded on an issue inherently a part of the original appeal and necessarily incidental thereto. An appeal to the Supreme Court was proper, as the court itself said, to give effect to its judgment. No such situation is here presented, and we do not regard the case as persuasive, much less controlling.

The problem confronting us is somewhat confused by the fact that the Supreme Court in Berman v. Illinois Bell Telephone Company, supra, entered an order of affirmance as heretofore related, rather than a dismissal of the appeal on the jurisdictional ground urged. It would serve no useful purpose for us to speculate on what the Court had in mind as a basis for this order. With the question of jurisdiction raised, we think we must assume that the Court found in favor of jurisdiction. Otherwise, no such order would have been entered. If we are correct in this assumption, we think the question involved in that appeal distinguishes the case from that here presented. There, the appeal was by a telephone subscriber on his own behalf and others similarly situated, seeking to recover a portion of the fund which had been expended in costs and attorney fees. The appellant and those for whom he sought to intervene, were parties made to benefit by the original opinion and included in the decree and bond referred to in the Supreme Court mandate. In other words, the Supreme Court might well have taken jurisdiction of that appeal on the theory that the question presented involved a construction of its mandate.

We reach the conclusion that an appeal in the instant case would not lie to the Supreme Court and that it was properly brought here. The motion to dismiss the appeal is therefore denied.