## LACKNER v. ILLINOIS BELL TELEPHONE CO. et al.

### No. 7010.

Circuit Court of Appeals, Seventh Circuit.

April 4, 1940.

John C. DeWolfe, of Chicago, Ill., for appellant.

Kenneth F. Burgess, Leslie N. Jones, W. Clyde Jones, and Charles F. Martin, Jr., all of Chicago, Ill., for appellees.

Before MAJOR and TREANOR, Circuit Judges, and SULLIVAN, District Judge.

TREANOR, Circuit Judge.

This is an appeal from an order of the District Court of the United States for the Northern District of Illinois, Eastern Division, which denied appellant's petition for

leave to intervene after final decree in the case of Illinois Bell Telephone Company v. Slattery,[1] final decree in that case having been affirmed by this court before the present appeal was taken. The purpose of the petition to intervene was to set aside the aforesaid final decree and set aside or modify other decrees previously entered in the course of the litigation in the Chicago Rate Refund case.[2]

As a result of the judgment of the United States Supreme Court in Lindheimer v. Illinois Bell Tel. Co., supra, note 2, the District Court undertook to administer the refunding of the amount of overcharge of subscribers of the Telephone Company. The magnitude of the operation, which involved 1,495,947 refunds amounting to a total of over $18,000,000, necessarily required elaborate machinery. To secure adequate protection of the interests of subscribers the District Court designated Messrs. George I. Haight and Benjamin F. Goldstein, who had conducted the litigation as special counsel for the City of Chicago, to act as counsel for the subscribers to "protect and preserve" their rights and interests. In its decree of June 11, 1934, the District Court limited the period for the filing of claims, ordered that the refund period should terminate June 1, 1937, and that with the expiration of the refund period the Telephone Company should be released "as to all refunds which it has not been able to make in compliance herewith."

At the expiration of the refund period on June 1, 1937, the Telephone Company made its final report to the District Court and petitioned that the court determine that the Telephone Company had complied with the prior court orders in respect to the refunds and further asked that the termination of its liability for further refunds be confirmed. Despite the most extensive efforts to reach the subscribers and to get them to file claims a large number of claims were not presented within the refund period; and at the expiration of the period there remained unrefunded in claims and interest thereon the sum of $1,688,296. The Telephone Company, however, was entitled as an offset for unpaid bills to at least one-third of the foregoing sum.

The City of Chicago, the County Treasurer of Cook County, Illinois, and the State of Illinois each presented petitions seeking to secure the unclaimed overcharges. By decree of February 5, 1938, the District Court denied the petitions of the City of Chicago and of the State of Illinois and dismissed the petition of the Treasurer of Cook County, confirmed the termination of liability of the Telephone Company to make further refunds, and closed the proceedings. The decree of the District Court was affirmed by this court February 22, 1939. Illinois Bell Tel. Co. v. Slattery, supra.

On March 2, 1938, Lackner, appellant herein, presented his petition to the District Court for leave to intervene on behalf of himself, all other subscribers, customers and other persons similarly situated. It is the general theory of the petition that a 7½% deduction from the amount of petitioner's refund to pay attorney's fees was an illegal deduction and that there is still available in the control of the Telephone Company unrefunded overcharges from which to pay petitioner and other subscribers the 7½% deduction.

It is clear that petitioner has no interest in the so-called unclaimed refunds. It is petitioner's theory, as stated in his brief, that he failed to receive full payment of his claim against the defendant company because of the 7½% deduction for attorney's fees and the waiver of part of the interest, and, also, because of the illegal allowances for litigation expenses. In his petition, however, petitioner claims underpayment only in the amount of the deduction of 7½% for attorney's fees. There is no allegation of fact in the petition to disclose that any portion of the petitioner's claim is included in the total of the unclaimed overcharges. And in fact the Telephone Company, acting under the order of the District Court, deducted the 7½% and paid it to the attorneys. Petitioner cannot base his claim to intervene

[1] 7 Cir., 102 F.2d 58, Certiorari denied 307 U.S. 648, 59 S.Ct. 1045, 83 L.Ed. 1527.

[2] For various phases of this litigation see Smith v. Illinois Bell. Tel. Co., 269 U.S. 531, 46 S.Ct. 22, 70 L.Ed. 397; Id., 282 U.S. 133, 51 S.Ct. 65, 75 L.Ed. 255; Id., 283 U.S. 808, 51 S.Ct. 646, 75 L.Ed. 1427; Ex parte Smith, 283 U.S. 794, 51 S.Ct. 482, 75 L.Ed. 1419; Illinois Bell Telephone Co. v. Slattery, 7 Cir., 98 F. 2d 930; Id., 7 Cir., 102 F.2d 58; Lindheimer et al. v. Illinois Bell Telephone Co., 292 U.S. 151, 54 S.Ct. 658, 78 L. Ed. 1182.

upon the ground that he has any interest in the unclaimed overcharges.

The mandate of the Supreme Court in Lindheimer v. Illinois Bell Tel. Co., supra, commanded the District Court to dissolve the interlocutory injunction and to provide for the refunding "in accordance with the terms of that injunction and of the bonds given pursuant thereto, of the amount charged by the company in excess of the rates," etc. The injunction decree was conditioned upon the repayment to subscribers of any sums paid by them in excess of the sums chargeable by reason of the order of the Illinois Commerce Commission, in case the injunction should thereafter be dissolved. The bond secured the repayment of any excess charges "in such way and manner as the District Court" should thereafter direct.

Under the mandate of the Supreme Court in the Lindheimer case the District Court was required to provide the machinery for the repayment to subscribers of the excess charges. In view of the magnitude of the task it was necessary that the District Court exercise a wide discretion in working out the details, both for the purpose of insuring an accurate determination of the amount of excess charges and for the purpose of getting notice to individual subscribers. During the period of litigation ending with the decision of the Supreme Court in the Lindheimer case the subscribers had been represented by the Illinois Commerce Commission through the Attorney General of Illinois, and by the City of Chicago, through its corporation counsel and special counsel, Messrs. Haight and Goldstein. On June 1, 1934 the District Court designated Messrs. Haight and Goldstein to represent and protect the interests of subscribers during the refunding operation; and on July 23, 1934, the District Court fixed the compensation of the attorneys at 7½% of the amount which the telephone company had been ordered to repay to its customers. This order authorized and directed the Telephone Company to deduct "from the customer's refund seven and one-half per centum (7½%) of the amount of refund due to the customers."

The appointment of special counsel to represent the subscribers was made with the approval of the Illinois Commerce Commission and the City of Chicago. Special counsel for subscribers recommended a plan for making the refunds to the subscribers and it was approved by the District Court and incorporated in the decree of June 11, 1934. This decree specified that the amount of "suitable attorney's fees and compensation out of the refund" would be determined later. The decree of June 11 fixed the end of the period for refund and provided that the liability of the Telephone Company should terminate as of that date, June 1, 1937; and as stated above it provided for the payment of the fees of the special attorneys out of the amount of the subscribers' refunds. In general the order of June 11 fixed the rights and liabilities of all the parties. The later order of July 23, 1934, definitely fixed the compensation of the special attorneys at 7½% of the amount which the Telephone Company had been ordered to pay to its customers.

Petitioner does not complain in his petition of any violation of his rights by the order of June 11, 1934; but does claim that the District Court, by its decree of June 1, 1934, designating Haight and Goldstein as special counsel to protect and preserve the rights of the various subscribers, and the order of the court of July 23, 1934, allowing fees to these attorneys and authorizing the Telephone Company to deduct 7½% from the amount of the refund due each customer, and the final decree of the District Court of February 5, 1938, were made without notice to the subscribers and without an opportunity to be heard; and that by reason of the foregoing the petitioner was deprived of property without due process of law.

The record discloses adequate representation of the petitioner and other subscribers at the hearing of June 1, 1934 at which time the court ordered the appointment of special counsel to protect the interests of the subscribers and authorized the counsel to present a refunding plan. All subscribers were represented by the Attorney General of Illinois acting for the Illinois Commerce Commission and corporation counsel acting for the City of Chicago. The record facts do not support petitioner's contention that he was deprived of property without due process of law by reason of lack of representation at the hearing of June 1, 1934.

The petition contains no attack on the validity of the order of June 11, 1934, although this order is the basis of the entire refunding operation, fixes the rights of the parties, and makes the fees of the special

attorneys a charge against the total amount of the refunds to the subscribers. Petitioner questions the validity of the order of July 23, 1934 only "insofar as it fixes the fees of said attorneys," and only on the ground that the order was made without notice to the subscribers and without an opportunity for them to be heard.

■ The appointment of the special attorneys to represent the subscribers in the refunding operation and to provide a special protection for their interests in the refund of overcharges did not end the representation of the subscribers by the Illinois Commerce Commission and the City of Chicago. Consequently, the contention of petitioner that the subscribers were not adequately represented at the hearing of July 23, 1934 because of the personal interest of Haight and Goldstein in the fixing of the amount of their fees, must be considered in the light of the representation of subscribers by the Commerce Commission and the City of Chicago, through their respective counsel, who had no interest adverse to that of the subscribers and who were still charged with a duty to protect the subscribers' interest. Granting the validity of the order of June 11, 1934, the action of the District Court of July 23, 1934, fixing the amount of the fees could have been questioned only in respect to the reasonableness of the amount. The record discloses that there was a hearing and that the court gave consideration to different factors in arriving at the amount. Furthermore, the District Court had been in close touch with the entire refunding operation and had first-hand knowledge of the value of the services rendered by counsel and likewise was familiar with the amount of labor and expense involved in the performance of these services. What constituted a reasonable allowance for fees was a question to be determined by the District Court, and even upon a direct appeal from the order of allowance the only basis for an overruling of the decision of the trial court would have been an abuse of discretion. The petition contains no general charge of fraud or deceit or collusion in respect to any of the orders of the District Court and there is an entire absence of allegations of fact which would constitute fraud or deceit or collusion. We cannot assume that the order fixing the amount of the fee was invalid or erroneous merely because it may appear to be an unusually large fee; and neither the petition nor the record facts disclose any justification for our assuming that petitioner suffered any injury by reason of his not being a party of record.

■ There is a factual situation which would preclude the petitioner's recovery of the amount of deduction from his overcharge for attorney's fees, even if permitted to intervene. In April, 1935, petitioner received payment of his claim for the amount of the overcharge. This check shows that the amount of the overcharge was $13.96; that the interest allowed thereon was $4.96, and that the amount deducted for petitioner's contribution to the payment of subscribers' attorneys was $1.42. The check recites that the refund was "pursuant to order of the District Court of June 11, 1934;" that the payment of interest was as ordered by the District Court June 11, 1934; and that the deduction was for fees to be paid to subscribers' attorneys as ordered by the District Court July 23, 1934. The notation respecting the deduction indicated that there was an allowance of 7½% as fees. Thus the petitioner had actual notice as early as April, 1935, that 7½% of the amount of his overcharge had been deducted for attorney's fees in accordance with the order of the District Court of July 23, 1934. The final decree in the proceedings was not entered until February 5, 1938, and petitioner did not present his petition for leave to intervene until March 2, 1938. It cannot be said that petitioner's petition to intervene was timely; and in our opinion it would be a misapplication of the rule permitting intervention to allow petitioner to intervene after final judgment to upset an order of the court of which he had actual notice more than two years prior to final judgment, and, especially so, when it appears that he had accepted the benefits of the order with full knowledge of, and acquiescence in, that portion of the order of which he now complains. We are of the opinion that the District Court did not err in denying petitioner's petition to be permitted to intervene.

The order of the District Court is affirmed.