Circuit Court of Appeals, Sixth Circuit.
April 9, 1940.

### HOME INDEMNITY CO. OF NEW YORK v. O'BRIEN, Atty. Gen. of Michigan.
### No. 8402.

Circuit Court of Appeals, Sixth Circuit.
May 15, 1940.

Clark C. Coulter, of Detroit, Mich., for appellant.

Thomas Read, Atty. Gen., of Michigan, Earl L. Burhans, of Paw Paw, Mich., and Stevens T. Mason, of Detroit, Mich., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

## PER CURIAM.

It appearing that the appellee had obtained a judgment in the District Court for the Eastern District of Michigan in the sum of $25,000, on a surety bond; that upon appeal to this court by the present appellant the judgment was affirmed in an opinion filed June 7, 1939, wherein it was indicated that the appellant might protect itself against claimants by paying the amount of the judgment into the registry of the court, 6 Cir., 104 F.2d 413; and

It further appearing that our mandate in pursuance of affirmance was filed in the District Court on June 11, 1939, and that in conformity therewith the appellant paid into the registry of the court the amount of the judgment, together with interest thereon from the date of its rendition; and

It further appearing that subsequently, on August 15, 1939, the District Judge entered an order correcting and amending the judgment by us affirmed, by adding thereto the words "with interest thereon at 5% from July 14, 1935, the date of the institution of the suit, to February 11, 1937, the date of the judgment".

Now, therefore, it is the view of this court that the District Judge was without power to alter a judgment affirmed by us and that it was his duty, upon the receipt of the mandate, to proceed with the execution of the judgment, and no more; that this limitation upon the authority of the District Judge to alter the judgment in defiance of the express command of the mandate, is established by a long line of federal cases, including In re Washington & G. R. Co., 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339; Kansas City S. R. Co. v. Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659; Harrison v. McPherson, 8 Cir., 226 F. 198; In re Sanford F. & T. Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414; Ex parte Union Steamboat Company, 178 U.S. 317, 20 S.Ct. 904, 44 L.Ed. 1084; and

It being further the view of this court that the rule established by the cited cases has not been modified by Rule 60 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, either by reason of sub-division (a) or sub-division (b) thereof, because failure to include interest in the judgment was not through the mistake, inadvertence or neglect of the District Judge, or of the clerk, but was in pursuance of the direct command of the court with respect to the verdict and the judgment; and

It being further the view of this court that sub-division (a) or (b) of rule 60, while enlarging the power of the District Courts over judgments without respect to the running of the term of court, does not confer upon District Courts the power to alter or amend a judgment affirmed by this court or by the Supreme Court of the United States, for such alteration or amendment would be not the correction of a mistake, judicial or clerical, but an alteration or amendment of a decision of the reviewing court, which it is not within the power of the District Courts to do.

Wherefore, it is hereby ordered that the order entered below on August 15, 1939, correcting and amending the judgment, is

hereby set aside with direction to the District Court to comply with the mandate heretofore issued out of this court and on file in the office of the clerk of the District Court.