**FEDERAL TRADE COMMISSION v. STANDARD EDUCATION SOC.**

No. 14517.

Circuit Court of Appeals, Second Circuit.

April 24, 1945.

Henry Ward Beer, of New York City, for the motion.

Joseph J. Smith, Jr., of Washington, D. C., opposed.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This cause again comes before us, now upon a motion of the respondent to amend our order of May 20, 1938, by inserting the phrase "nunc pro tunc." The facts are as follows: In 1929 the Commission brought its own proceeding against the respondent, which ended in the entry of a "cease and desist" order on December 24, 1931, forbidding it to continue a number of specified representations in the sale of its encyclopedia. The respondent having failed to obey this order, the Commission, on January 20, 1936, filed the "enforcement proceeding" at bar, which on December 14, 1936, resulted in our decision, affirming and enforcing the Commission's order in some respects, but reversing it in others. Federal Trade Commission v. Standard Education Society, Inc., 2 Cir., 86 F.2d 692. The Commission appealed from so much of this decision as modified its order, and on November 8, 1937, the Supreme Court reversed our order except as it had modified "clause ten." Federal Trade Commission v. Standard Education Society, Inc., 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141. Its opinion concluded with these words, 302 U.S. at page 120, 58 S.Ct. at page 117, 82 L.Ed. 141: "The decree below will be reversed except as to modification of clause 10 of the Commission's order, and the cause is remanded with instructions to proceed in conformity with this opinion." The mandate, remitted to us on December 9, 1937 ordered: that "this cause be, and the same is hereby, remanded to the said Circuit Court of Appeals for further proceedings in conformity with opinion of this Court." On December 10 our clerk in accordance with our Rule 46, entered the usual order, sua sponte, which recited the filing of the mandate and ordered "that the decision of the Supreme Court of the

United States be made the decision of this court." The respondent moved in the Supreme Court for a rehearing, and to recall the mandate; and, after both motions had been denied, wrote to the Commission on January 11, 1938, announcing that on the 15th or 16th it would move "to resettle the order * * * entered upon the Mandate." The Commission's counsel answered on February 5, 1938, as follows: "In line with the understanding at the recent conference * * * I am enclosing herewith five copies of a proposed final decree in this case." The respondent, which did not accept this form, moved on April 14, 1938, to "resettle" the clerk's order, and the Commission submitted an alternate form, which we accepted and entered as our own on May 20, 1938. It is that order to whose amendment the present motion is directed. The respondent moved to resettle that order, and we denied the motion on June 13, 1938, Federal Trade Commission v. Standard Education Society, 2 Cir., 97 F.2d 513; and on November 7, 1938, the Supreme Court denied its application for certiorari. Standard Education Society v. Federal Trade Commission, 305 U.S. 642, 59 S.Ct. 145, 83 L.Ed. 414.

Meanwhile, § 45 of 15 U.S.C.A. had been amended on March 21, 1938, by adding subdivision (l) which imposed a penalty of $5,000 for every violation of an order of the Commission "after it has become final." On March 28, 1940, nearly two years after the entry of our order of May 20, 1938, the Commission entered its own order, directing the respondent to file a report stating how it had complied with the original order. The respondent replied that it was obeying the "law"; and on October 20, 1941, the Commission sought a change in our order of May 20, 1938, which we refused. The Attorney General thereafter filed an action in the District Court for the Northern District of Illinois to collect penalties under § 45(l) of Title 15 for violation of the Commission's order, and that court decided on October 20, 1943, that our order of May 20, 1938, modified and affirmed the Commission's original order; and that the Commission's order of March 28, 1940, was "issued in compliance with § 45(i)." However, the District Court refused to proceed in the action until the Commission, in accordance with our order, had reported to us as special master. The cause being in this posture, the respondent seeks the amendment of our order of May 20, 1938, on the theory that it should be regarded as intended to speak from the date of the clerk's order—December 10, 1937—in which event it argues that no penalties can be collected for the disobedience of any order of the Commission entered thereafter. Hence the supposed importance of amending our order, "nunc pro tunc."

▬▬ Like all courts, we retain jurisdiction, regardless of the expiration of the term, to correct our records, so that they shall speak the truth: shall declare what we have in fact decided. Insurance Co. v. Boon, 95 U.S. 117, 126, 127, 24 L.Ed. 395; In re Wight, 134 U.S. 136, 10 S.Ct. 487, 33 L.Ed. 865; Wetmore v. Karrick, 205 U.S. 141, 153, 27 S.Ct. 434, 51 L.Ed. 745; United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129; Blair v. Durham, 6 Cir., 139 F.2d 260. The decision of the District Court for the Northern District of Illinois does not conclude us from doing this here, as the Commission seems to suppose. In the first place, no final judgment has ever been entered in that action; in the second, that court did not decide whether the record of the order of May 20, 1938, is correct; in the third place, we may correct our records ex mero motu, in any satisfactory way regardless of the decisions of another court. Hence, if at the time we in fact intended to make the order of May 20, 1938, retroactive as of December 10, 1937, there would be nothing in the respondent's path. On the other hand, if we did not then so intend, we have now no longer any power to make it retroactive, because that would be to make an operative change, our power to do which ended with the October, 1937, term.

▬▬ There is not the least evidence that we meant the order of May 20, 1938, to operate retroactively, assuming it would have been permissible to do so. The clerk's order of December 10, 1937, merely followed the mandate, and the mandate by its very terms required further action by us: we were to proceed "in conformity with opinion" of the Supreme Court. Indeed, we must always look to the opinion to interpret the mandate. West v. Brashear, 14 Pet. 51, 54, 55, 10 L.Ed. 350; Supervisors v. Kennicott, 94 U.S. 498, 499, 24 L.Ed. 260; Gaines v. Rugg, 148 U.S. 228, 244, 13 S.Ct. 611, 37 L.Ed. 432; In re Sanford Fork & Tool Co., 160 U.S. 247, 256, 16 S.Ct. 291, 40 L.Ed. 414; Ex parte Union Steamboat Co., 178 U.S. 317, 319, 20 S.Ct. 904, 44 L.Ed. 1084. It is true that there

are mandates which require no further action by this court: affirmances and reversals, which direct a dismissal of the complaint, are examples. But this mandate was not of that kind; it was desirable, when the time for enforcement arrived, that the forbidden conduct should not be imprecise, and to be gathered from the opinion at large. We might indeed have made our order of May 20, 1938, relate back to December 10, 1937, in which event—though only in that event—this motion would have been proper. But we did not mean to do so; and, in so far as the original order was in fact imprecise, it might have been unjust to the respondent if we had. That the respondent thought there was ample ground for imprecision in the order of December 10, 1937, is abundantly evident, not only from its disagreement with the Commission, but from its motion to resettle the order of May 20, 1938, and its effort to secure certiorari upon our denial of that motion.

Finally, we need scarcely add that the denial of this motion is not to be taken as any expression of opinion as to the validity of the Commission's order of March 28, 1940.

Motion denied.