842 F.2d 334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
YAMAHA INTERNATIONAL CORPORATION d/b/a Everett Piano
Company, Plaintiff-Appellee,
v.
UNITED FURNITURE WORKERS OF AMERICA, Defendant-Appellant.
 No. 87-1468.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1988.
 
 Before KEITH, WELLFORD and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appealing from the denial of its motion for relief from judgment under Rule 60(b), Fed.R.Civ.P., the defendant labor union argues that the district court erred in holding that our mandate in an earlier phase of this case deprived the district court of jurisdiction to consider the union's motion. The union also contends that we ought to hold, on the record before us, that the union is entitled to the relief sought. Agreeing with the first argument, and believing that the merits of the motion ought to be addressed in the first instance by the district court, we shall remand the case to the district court.
 
 
 2
 On July 3, 1983, an arbitrator determined that plaintiff Yamaha International Corp., d/b/a Everett Piano Co., had discharged one of its employees, Marie Piper, without just cause. The arbitration award required reinstatement without back pay. Yamaha filed a complaint seeking to have the award vacated, and the union counterclaimed for enforcement of the award. The district court granted summary judgment for the union on its counterclaim, ordering Yamaha to comply with the arbitration award and to pay Ms. Piper back pay from the date of the arbitration award "to the date of this order...."
 
 
 3
 Yamaha appealed. In its appellate brief, the union requested that we enlarge the district court's judgment to include back pay for a period subsequent to entry of the order. We affirmed the judgment without addressing the union's request. Yamaha Int'l Corp. v. UFWA, No. 85-1595 (6th Cir. June 10, 1986) (unpublished). Our opinion, which issued as our mandate, referred to the order we were affirming as one "enforcing the arbitration award dated July 3, 1984, and awarding back pay to Marie Piper from that date to June 20, 1985...." (Emphasis added). June 20, 1985, was the date of the district court's order granting summary judgment, so our description of the order was not inaccurate.
 
 
 4
 Yamaha reinstated Marie Piper in July of 1986, at which time it gave her a check for back pay from the date of arbitration award to June 25, 1985. Yamaha refused to pay Ms. Piper anything for the ensuing 12 or 13 months.
 
 
 5
 On August 7, 1986, the union moved for inclusion of back pay for the period subsequent to June 20, 1985. The motion was based on the proposition that the district court "clearly intended that PIPER receive all backpay for the entire period from the date of the arbitrator's award until her return to work, backpay to which she was entitled because of YAMAHA's improper refusal to abide by the arbitration award."
 
 
 6
 The district court properly interpreted the motion as one seeking relief under Rule 60(b)(6) (relief authorized for "any other reason justifying relief from the operation of the judgment.") The district court did not reach the question whether relief was justified on the merits; noting that the union had already asked this court to enlarge the judgment, and that this court's mandate inserted the date of the district court's order, the district court concluded that the mandate barred any relief.
 
 
 7
 We do not believe that the granting of the union's motion would have conflicted with this court's mandate. Our decision merely affirmed the district court's judgment; we had no way of knowing whether enlargement of the judgment on the basis of subsequent developments would have been appropriate, and we did not intend to express any opinion on that issue. No motion for enlargement was filed with this court, there was nothing in the record to indicate whether additional backpay would or would not be appropriate, and we simply disregarded the unsupported request contained in the union's appellate brief.
 
 
 8
 Yamaha argues that the subsequent granting of relief under Rule 60(b) would have been improper under Home Indemnity Co. of New York v. O'Brien, 112 F.2d 387 (6th Cir.1940). That case dealt with the original version of Rule 60, which merely permitted a party to obtain relief "from a judgment ... taken against him through his mistake, inadvertance, surprise or excusable neglect...." The original judgment of the district court in Home Indemnity had not included pre-judgment interest, and after the judgment was affirmed the district court amended it to include such interest. We held the amendment improper on the ground that there had been no showing of mistake. In 1948, however, Rule 60 was amended to authorize relief from judgment for "any other reason justifying relief...." Rule 60(b)(6) (emphasis supplied.) The textual basis for Home Indemnity was thereby eliminated, and some years later the Supreme Court specifically disapproved the decision. Standard Oil Co. of California v. United States, 429 U.S. 17, 18 (1976).
 
 
 9
 As to the merits of the union's motion to enlarge, the district court did not reach them. Accordingly, we REMAND the case to the district court for consideration of the union's motion on its merits.
 
 
 10
 WELLFORD, Circuit Judge, dissenting.
 
 
 11
 I respectfully dissent. The Union's arguments in this case should fail for several reasons. First, although the Union admits that it knew of the possibility of the Everett Piano Company closing by March of 1986 and further that the Everett Piano Company was phasing out and shutting down its operations by June of 1986, it made no mention of these circumstances in its motion filed with the district court on August 7, 1986. Based upon the record and information provided to it, therefore, the district court properly concluded that it was without jurisdiction to entertain the Union's motion because on its face it was based upon matters which were specifically included in the appeal then pending before this court.
 
 
 12
 The Union argues that the additional facts concerning Yamaha's financial difficulties and the piano company closing it would have presented to the district court during an evidentiary hearing on the motion, and thus the district court abused its discretion in failing to order such a hearing. Neither of the parties requested that a hearing be held. The cases cited to by the Union in its brief in support of its contention that a hearing should have been held simply do not support its position; those cases simply present situations where a hearing was necessary to the district court's proper exercise of its discretion with regard to a Rule 60(b) motion.
 
 
 13
 I find no abuse of discretion by the district court in not holding a hearing neither party requested. Given the stated basis for the Union's motion, the district court had no reason to seek amplification of any issues raised by the motion. That Piper had been denied back pay during the appeal process and the intent of the district court's original order, were matters which the district court properly felt it could consider without benefit of a hearing, and which it correctly concluded it was foreclosed from considering by this court's prior mandate. No motion was filed with this court to reconsider its order or change its mandate of July, 1986.
 
 
 14
 Therefore, I would AFFIRM the district court's conclusion that it was without jurisdiction to consider the Union's motion based upon the record before it.