09-2037-cv
Meacham v. Knolls Atomic Power Lab.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED.  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT: DENNIS JACOBS,
                <u>Chief Judge</u>,
      PETER W. HALL,
                <u>Circuit Judge</u>,
      J. GARVAN MURTHA,
                <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - - -X
CLIFFORD B. MEACHAM, individually and
on behalf of all other persons
similarly situated, THEDRICK L.
EIGHMIE, individually and on behalf
of all other persons similarly
situated, ALLEN G. SWEET,
individually and on behalf of all
other persons similarly situated,

---

[*] J. Garvan Murtha, Senior District Judge of the United States District Court for the District of Vermont, sitting by designation.

1

**Plaintiffs-Appellees,**

JAMES R. QUINN, Ph.D., DEBORAH L. BUSH, RAYMOND E. ADAMS, WALLACE ARNOLD, RONALD G. BUTLER SR., WILLIAM F. CHABOT, ALLEN E. CROMER, BELINDA GUNDERSEN, CLIFFORD J. LEVENDUSKY, BRUCE E. PALMATIER, NEIL R. PAREENE, MARGARET REYNHEER, JOHN K. STANNARD, DAVID W. TOWNSEND, CARL T. WOODMAN,

**Consolidated-Plaintiffs-Appellees,**

HILDRETH E. SIMMONS JR., HENRY BIELAWSKI, JAMES S. CHAMBERS, ARTHUR J. KASZUBSKI, DAVID J. KOPMEYER, CHRISTINE A. PALMER, FRANK A. PAXTON, JANICE M. POLSINELLE, TEOFILS F. TURLAIS, BRUCE E. VEDDER,

**Consolidated-Plaintiffs,**

**-v.-**                                    09-2037-cv

KNOLLS ATOMIC POWER LABORATORY, also known as KAPL, Inc., LOCKHEED MARTIN, INC., JOHN J. FREEH, both individually and as an employee of KAPL and Lockheed Martin,

**Defendants-Appellants.[**]
- - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANTS:**    JOHN E. HIGGINS (Margaret A. Clemens, on the brief), Nixon Peabody LLP, Rochester, New York.

---

[**] The Clerk of the Court is respectfully directed to amend the official caption to conform to the caption of this order.

2

**APPEARING FOR APPELLEES:** KEVIN K. RUSSELL (John B. DuCharme and Joseph C. Berger, on the brief), DuCharme, Harp & Clark, LLP, Clifton Park, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Homer, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and the matter **REMANDED** for a new trial on the liability issue only.

Defendants Knolls Atomic Power Laboratory, Lockheed Martin, and John J. Freeh ("defendants") appeal the judgment of the district court reinstating a prior jury verdict in plaintiffs' favor. Defendants argue that the district court committed clear error in holding that they waived the defense based on reasonable factors other than age ("RFOA"), and that the waiver was not properly excused; they also argue that, if we vacate the waiver and excuse holdings, we should order that judgment be granted in their favor as a matter of law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Vacatur of the judgment is required by adherence to the "mandate rule," which "compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or *impliedly* decided by the appellate court." United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (internal quotation marks omitted) (emphasis in original); see also In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 259 (1895). To determine whether a particular issue "remains open for reconsideration on remand, [a] court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." Ben Zvi, 242 F.3d at 95 (internal quotation marks omitted). "[W]e must always look to the opinion to interpret the mandate." FTC v. Standard Educ. Soc'y, 148 F.2d 931, 932 (2d Cir. 1945).

In an earlier decision in this case, the United States Supreme Court explained that "the only thing at stake . . . is the gap between production and persuasion" and that this

Court "showed no hesitation in finding that Knolls prevailed on the RFOA defense, though the court expressed its conclusion in terms of Meacham's failure to meet the burden of persuasion. Whether the outcome should be any different when the burden is properly placed on the employer is best left to that court in the first instance." See Meacham v. Knolls Atomic Power Lab., 128 S. Ct. 2395, 2406 (2008) ("Meacham SC II"); see also Meacham v. Knolls Atomic Power Lab., 461 F.3d 134, 144 (2d Cir. 2006), vacated by Meacham SC II, 128 S. Ct. at 2407. Waiver principles are analytically antecedent to an analysis on the merits; we therefore read the Supreme Court's opinion as impliedly but necessarily rejecting plaintiffs' waiver argument.

Our conclusion in this regard finds additional support from the fact that plaintiffs argued forfeiture and abandonment in their brief to the Supreme Court and waiver of the defense at oral argument before the Supreme Court. Brief for the Petitioners at 51-52, Meacham SC II (No. 06-1505); Tr. of Oral Argument at 53, Meacham SC II (No. 06-1505). The Court, therefore, was squarely presented with plaintiffs' waiver argument, and a natural reading of Meacham SC II suggests that it was rejected.

Our summary order issued in this case, Meacham v. Knolls Atomic Power Lab., Nos. 02-7378-cv, 02-7474-cv, 2009 WL 33609 (2d Cir. Jan. 7, 2009) (summary order), requires no different result. That order does not constitute a finding regarding waiver, nor, having re-examined the issue in light of the arguments presented in this appeal, does it preclude us now from determining that the mandate rule forecloses reconsideration of the waiver issue.

We therefore remand this case to the district court with instructions to hold a new trial and to allow for whatever discovery is necessary for the parties fairly to litigate the issues regarding liability under the law as it currently stands. The uncertainty and multiple changes in the governing law have complicated the issues in this case to such an extent that neither party is entitled to judgment as a matter of law, either on the merits or on procedural grounds.

We hereby **VACATE** the judgment of the district court and **REMAND** for a new trial on the liability issue only.

4

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
By:


_____